DEWEY BURDETTE

*v.*

TED BURDETTE

(No. 12147)

Submitted September 19, 1962.    Decided October 2, 1962.

*Kay, Casto & Chaney, George S. Sharp,* for appellant.
*Henry McLane,* for appellee.

HAYMOND, JUDGE:

On April 17, 1961, the plaintiff, Dewey Burdette, recovered a judgment against his younger brother, the defendant, Ted Burdette, for $9,000.00, upon a verdict of a jury, in the Circuit Court of Clay County. Upon the application of the defendant, who seeks reversal, the case is here on appeal.

The accident in which the plaintiff received the personal injuries of which he complains occurred on the morning of February 27, 1960. At that time the defendant was and for sometime had been the owner and operator of an automobile repair shop and garage near the Town of Clay, in Clay County. In connection with the operation of his business he kept and maintained a supply of automobile equipment in an attic or second story of the building owned by him, located about fourteen feet above the ground floor of the garage. For a period of several weeks prior to the accident access to the attic or second story was by means of a wooden ladder instead of a stairway which had been previously installed in the building. The ladder was placed on the main floor and extended in an upright position for a distance of about fourteen feet to a beam which supported the floor of the attic. The top of the ladder rested against and was tied to the beam by a small piece of rope.

The visit of the plaintiff to the shop of the defendant was for the purpose of purchasing a rear light for the automobile of the plaintiff. When the plaintiff inquired about the light the defendant asked the plaintiff to go with him to the attic to see if they could locate a light which the plaintiff desired to purchase. The defendant ascended the ladder and entered the attic through an opening between the wooden braces or supports immediately above the top of the ladder. While the defendant was in the attic the plaintiff started up the ladder and when he came to its top he suddenly lost his balance and fell to the floor below. In the fall he sustained severe and permanent injuries to his left wrist and arm and a fracture of his left leg.

The defendant and two other persons, who were at work in the shop, heard the noise caused by the plaintiff's fall to

the floor from the ladder but they did not see him when he started to fall or how the fall occurred. Another person in the building heard the fall but did not see it or know how it happened. They immediately came to the aid of the plaintiff who remained on the floor for several minutes, after which he was taken to a hospital in Charleston for treatment. While the plaintiff was on the floor after his fall from the ladder he was asked what had happened and one of the workmen heard him reply that he "misjudged"; and when the defendant asked the plaintiff what caused him to fall the plaintiff replied "an awkward move."

The evidence does not disclose that there was any defect in the ladder or in the rope by which its top was tied to the beam. The likelihood that the ladder would move when ascended by the plaintiff was as apparent to the plaintiff as it could have been to the defendant. The plaintiff stated that the ladder and the rope were plainly visible and could have been observed by him but that he did not notice the rope or the manner in which the top part of the ladder was tied until he ascended to the level of the rope.

The evidence shows that the ladder had been in substantially the same position and tied in substantially the same manner from the time it was installed in the building in December 1959 until the time of the accident; that during that period of approximately two months the defendant and several other persons had made frequent use of the ladder; and that no one had been injured by using or falling from it. The manner in which the ladder was tied permitted its top portion to move six to eight inches backward and forward and about one foot to the right or the left along the beam to which it was tied. The plaintiff admitted that he could have seen the position and the condition of the rope and the worn places where the ladder had moved against the beam, and that these conditions were obvious from the floor but that he did not notice them and did not know whether the ladder would or would not move before he used it.

In describing the manner in which he fell from the top of the ladder the plaintiff testified that the foot of the ladder, which was placed on the floor, did not move but that the

top of the ladder did move; that "it kicked out" and moved from behind him; that it then moved to the right; that he put his right foot on the floor of the attic; that when he started to leave the ladder and remove his left foot from it he leaned over to grasp the brace to his right and the ladder "kicked out"; that he reached for the brace with his right hand; that he did not know what he did with his left hand; and that he "had just about one half hold" of the brace when he fell. There were no broken rungs in the ladder which was made of cross-pieces attached to a pine wooden frame the sides of which were two inches thick and four inches wide.

At the time of the trial in April 1961 the plaintiff was fifty nine years of age and when injured was an employee of the State Road Commission. He had been a painter for fifteen or twenty years and during that time had had experience in using and working on ladders and scaffolds.

The defendant contends that the evidence fails to establish any negligence upon his part which was the proximate cause of the injuries of the plaintiff, but that if the evidence establishes negligence of the defendant it shows that the plaintiff was guilty of contributory negligence and that he assumed the risk of using the ladder, the position and the condition of which were plainly visible and obvious to the plaintiff.

To reverse the judgment the defendant assigns as error the action of the circuit court (1) in refusing to direct a verdict for the defendant at the conclusion of the evidence; (2) in giving Instructions Nos. 1, 2 and 3, offered by the plaintiff, for the reason that they were binding instructions which failed to negative contributory negligence of the plaintiff; and (3) in refusing to give defendant's Instruction No. 1, which would have directed the jury to return a verdict for the defendant, and defendant's Instructions Nos. 4 and 5, which dealt with assumption of risk and unavoidable accident.

The principal question upon which the decision of this case turns is whether the defendant in maintaining the lad-

der in the position and the condition in which it was when the plaintiff was injured was guilty of negligence which was the proximate cause of the injuries of the plaintiff. Consideration of the other errors assigned depends upon the determination of this controlling question.

The relationship existing between the plaintiff and the defendant when the plaintiff was injured was that of owner or occupant and invited person. A person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business. *Puffer* v. *The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S. E. 2d 145; *Cooper* v. *Pritchard Motor Company*, 128 W. Va. 312, 36 S. E. 2d 405. The owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition. *Puffer* v. *The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S. E. 2d 145; *Koehler* v. *Ohio Valley General Hospital Association*, 137 W. Va. 764, 73 S. E. 2d 673; *Cooper* v. *Pritchard Motor Company*, 128 W. Va. 312, 36 S. E. 2d 405; *Early* v. *Lowe*, 119 W. Va. 690, 195 S. E. 852; *Starcher* v. *South Penn Oil Company*, 81 W. Va. 587, 95 S. E. 28; *Smith* v. *Sunday Creek Company*, 74 W. Va. 606, 82 S. E. 608; *Smith* v. *Parkersburg Co-Operative Association*, 48 W. Va. 232, 37 S. E. 645. The owner or the occupant of premises used for business purposes, however, is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of actionable negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person. *Puffer* v. *The Hub Cigar Store, Inc.*, 140 W. Va. 327, 84 S. E. 2d 145; *Gilmore* v. *Montgomery Ward and Company*, 133 W. Va. 342, 56 S. E. 2d 105; *O'Flaherty* v. *Tarrou*, 130 W. Va. 326, 43 S. E. 2d 392; *Cooper* v. *Pritchard Motor Company*, 128 W. Va. 312, 36 S. E. 2d 405; *Denton* v. *Third Avenue Theater Company, Inc.*, 126 W. Va. 607, 29 S. E. 2d 353; *Spears* v. *Goldberg*, 122 W. Va. 514, 11 S. E. 2d 532, 12 S. E. 2d 513; *Hunker* v. *Warner Brothers Theaters, Inc.*, 115 W. Va. 641, 177 S. E. 629; *Thruschel* v. *The Rex Amusement Company*, 102 W. Va. 215, 136 S. E. 30.

In 65 C.J.S., Negligence, Section 50, the text contains this language: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." In 38 Am. Jur., Negligence, Section 97, the principle is expressed in these terms: "There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant."

In the case at bar the alleged negligence of the defendant is the basis of the plaintiff's claim and if the evidence does not establish a situation or a condition from which the jury could reasonably find that the defendant was guilty of negligence which was the proximate cause of the injuries of the plaintiff the plaintiff can not recover. *Puffer* v. *The Hub Cigar Store, Inc.,* 140 W. Va. 327, 84 S. E. 2d 145; *Cooper* v. *Pritchard Motor Company,* 128 W. Va. 312, 36 S. E. 2d 405. To recover in an action based on negligence the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injuries of which the plaintiff complains. *Adkins* v. *Smith,* 142 W. Va. 772, 98 S. E. 2d 712; *Hartley* v. *Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *McKinney* v. *Miller,* 138 W. Va. 324, 75 S. E. 2d 854; *Holiman* v. *The Baltimore and Ohio Railroad Company,* 137 W. Va. 874, 74 S. E. 2d 767; *Webb* v. *Sessler,* 135 W. Va. 341, 63 S. E. 2d 65; *Divita* v. *Atlantic Trucking Company,* 129 W. Va. 267, 40 S. E. 2d 324; *Fleming* v. *McMillan,* 125 W. Va. 356, 26 S. E. 2d 8; *Jones* v. *Virginian Railway Company,* 115 W. Va. 665, 177 S. E. 621; *Fleming* v. *Hartrick,* 100 W. Va. 714, 131 S. E. 558; *Donald* v. *Long Branch Coal Company,* 86 W. Va. 249, 103 S. E. 55.

The evidence, in which there is little if any dispute, shows that there was no defect, hidden or otherwise, in the position or the condition of the ladder at the time the plaintiff ascended it or in the rope with which the top of the ladder was loosely tied to the beam against which it rested. The evidence also shows that the position and the condition of the ladder and the rope at the top of the ladder were as apparent to the plaintiff as they could have been to the defendant. The plaintiff admitted that the ladder and the rope were plainly visible and could have been observed by him but that he did not notice the rope or the manner in which the top part of the ladder was tied until after he had mounted the ladder. If the plaintiff had looked he could have seen that the top of the ladder was tied in a manner that would permit it to move backward or forward or sideways, as it did when the plaintiff attempted to leave the top of the ladder to enter the attic. The evidence also shows clearly that the plaintiff, in his attempt to remove himself from the ladder, caused the ladder to move in the manner in which it did at the time he fell. As the plaintiff actually pushed the ladder from him, when he tried to enter the attic, it is evident that, if the ladder had not been tied in the manner in which it was, which permitted its movement backward and sideways for a few inches but also kept it in an upright position, it would have fallen, as did the plaintiff, to the floor beneath it. Moreover, if the plaintiff had exercised reasonable care in attempting to obtain a firm grasp of the brace or support above the top of the ladder it is unlikely that he would have fallen from the ladder when he caused it to move in his endeavor to remove himself from the ladder and enter the attic. In short the evidence fails to show any negligent act or omission upon the part of the defendant which was the proximate cause of the injuries of which the plaintiff complains; instead it shows that the fall which resulted in his injuries was due to the manner in which he used the ladder and attempted to remove himself from it after he had reached the top of the ladder. "In an action for damages for personal injuries, when the material facts are undisputed and reasonable men can draw but one conclusion from them, the question of negligence be-

comes one of law for the court." Point 3, syllabus, *Cooper* v. *Pritchard Motor Company,* 128 W. Va. 312, 36 S. E. 2d 405.

In *Velte* v. *Nichols,* 211 Md. 353, 127 A. 2d 544, the plaintiff was injured in a fall from a ladder which he ascended to inspect Christmas trees in a trailer parked at a curb near the premises of the defendants. The plaintiff did not notice whether the trailer had a tailgate but he saw that the top of the ladder was against the trunks of the trees. He went to the top of the ladder and when both his feet were on the top rung the bottom of the ladder slipped and caused him to fall. He learned later that there was ice under the foot of the ladder but he did not examine or test the ladder before he ascended it. In affirming a judgment entered by the trial court upon a directed verdict for the defendants, the Maryland Court of Appeals in the opinion said: "In the instant case the ladder was not defective. The inherent danger that the foot of a ladder may slip, when it is leaning against a tailgate or the trunks of trees, was as apparent to the plaintiff as it could have been to the defendants. Yet the plaintiff did not test the stability of the ladder but on his own statement mounted it to the very top, without inspection. As a matter of fact there was no evidence that the defendants knew that there was ice in the street under the ladder. The condition could have been ascertained upon inspection by the plaintiff as well as by the defendants. The defendants were not insurers of their own premises, far less the condition of the street. A possessor of land is liable only for harm caused to invitees by a condition of which he is aware, or should be aware, and which he should realize involves an unreasonable risk, and which he has no reason to believe they will discover."

In *Novak* v. *Neff,* 399 Pa. 193, 159 A. 2d 707, the plaintiff went to the lumber yard of the defendants to obtain some lumber for his employer. The lumber was in an upper tier of bins and it was necessary for him to use a ladder to reach it. The ladder was a home-made affair; its top rested against a beam and its bottom rested on slightly sloping ground composed of hard clay. The plaintiff looked at the

ladder and testified to the position of its top and its base. He said: "I gave the ladder a little shake, like, to see if it was solid: I got on it and give a little jump on the first rung and started to climb it * * *. I got about three-quarters of the way up and I went straight back down * * * it [the ladder] was underneath me when I first hit on the ground." In affirming a judgment of the trial court in favor of the defendants the court said: "There is no evidence that defendants were negligent. Their duty toward a business visitor, under the circumstances, was to keep their property in reasonably safe condition and to warn only of dangers that they knew about and that were not obvious: *McCreery v. Westmoreland Cooperative Ass'n,* 1947, 357 Pa. 567, 55 A. 2d 399. Beyond this, no cause for the fall of the ladder was alleged or proved. The mere happening of an accident is legally insufficient to establish liability. *McAdoo v. Autenreith's Dollar Stores,* 1954, 379 Pa. 387, 109 A. 2d 156."

As heretofore stated the burden of proving negligence in this case rested upon the plaintiff and this he failed to do. He has failed to establish facts from which a jury could reasonably find that the defendant, in the maintenance of the ladder, under the conditions shown by the evidence, at the time the plaintiff was injured, was guilty of actionable negligence. In consequence the plaintiff can not recover and the circuit court should have sustained the motion of the defendant for a directed verdict, made at the conclusion of the evidence. Its refusal to do so and to give the peremptory instruction offered by the defendant which would have directed the jury to render a verdict in his favor, constituted reversible error. Having reached that conclusion upon the controlling question in the case, it is unnecessary to consider the other errors assigned by the defendant.

The judgment is reversed, the verdict is set aside, and this case is remanded for a new trial which is here awarded the defendant.

*Reversed and remanded.*