Leonard PHILLIPS, Plaintiff,

v.

**SUPERAMERICA GROUP, INC.,**
a Kentucky corporation,
Defendant.

Civ. A. No. 93–0055–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

May 24, 1994.

Frank P. Bush, Jr., Elkins, WV, for plaintiff.

J. Michael McDonald, Clarksburg, WV, for defendant.

## ORDER

MAXWELL, District Judge.

The Court has before it in the above-styled civil action defendant's Motion for Summary Judgment, filed on February 2, 1994. In its motion, defendant requests that the Court grant its motion on the grounds that defendant has no duty to remove snow and ice from its premises during the pendency of a snowstorm. Also before the Court are defendant's motions to Exclude Plaintiff's Expert Witness and to Extend Discovery Deadline, filed on March 2, 1994.

In his complaint, which was removed to this Court on May 7, 1993, plaintiff alleges that on or about December 24, 1992, he stopped at defendant's self-service gasoline station in Elkins, West Virginia to purchase gasoline. When plaintiff arrived at defendant's gas station, "everything was white" and snow covered, as a severe snowstorm was in progress. Plaintiff alleges that upon returning to his vehicle he slipped and fell on a patch of ice and snow. At the time of his fall, there was fresh snow everywhere and it was snowing heavily, and the wind was blowing. Plaintiff alleges that defendant negligently failed to keep its premises free from snow and ice and is, therefore, liable for injuries he sustained as a result of the fall.

The essence of defendant's motion for summary judgment is that defendant is not negligent since it did not have a duty to remove snow and ice from the premises, that is, from around the self-service gas pumps, and under the canopy covering the gas pumps, during the pendency of the snow storm. Defendant alleges that since at the time of plaintiff's alleged fall there was a severe ongoing snowstorm, with snow falling heavily and gusting winds, defendant is entitled to judgment as a matter of law.

In opposition, plaintiff claims that defendant had a duty to keep its premises free from snow and ice. Plaintiff urges that issues of fact remain as to whether or not the snow was falling at the time of plaintiff's fall, the severity of the snow fall, and whether or not the fall occurred beneath a canopy. Further, plaintiff contends that Elkins City Code § 18–6(a) is applicable to this matter and

**505**

imposes a higher standard of care upon the defendant.

From the text of Rule 56 of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985).

In summary judgment proceedings, the moving party must demonstrate the absence of a genuine issue of material fact. *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 718 (4th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). Once the moving party has met his burden the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial. *Richmond, F. & P.R.R. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). While this does not require the nonmoving party to submit evidence in a form that would be admissible

at trial, "[u]nsupported speculation is not sufficient to defeat a summary judgment motion," *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987).

A landowner owes to an invitee the duty to exercise ordinary care in keeping and maintaining his premises in a reasonably safe condition. *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962). This duty is not unlimited and a landowner is not liable for injuries from dangers that are "obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." *Id.* 127 S.E.2d at 252. Expressing the principle in another way, the *Burdette* court, referring to 65 C.J.S. Negligence § 50, stated that "the duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers ..." *Id.*

In *McDonald v. University of West Virginia Board of Trustees*, — W.Va. —, 444 S.E.2d 57 (1994), the Supreme Court of Appeals of West Virginia, interpreting *Burdette*, stated that "an owner of business premises is not legally responsible for every fall which occurs on his premises. He is only liable if he allows some hidden, unnatural condition to exist which precipitates the fall ... With respect to slip-and-fall cases, the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor." — W.Va. at —, 444 S.E.2d at 60.

Although *Burdette* and its progeny stand for the proposition that a landowner must maintain its property in a reasonably safe condition, they do not specifically address the instant issue, that is, the duty of a landowner to remove snow and ice from its premises during the pendency of a snowstorm. In the leading case of *Walker v. Memorial Hospital*, 187 Va. 5, 45 S.E.2d 898 (1948), the

Supreme Court of Appeals of Virginia held that ordinary care does not require a defendant to take action to remove snow or remedy the slippery conditions during the progress of a storm. *Id.* 45 S.E.2d at 907. In *Walker*, the plaintiff slipped and fell on icy steps as she was leaving the defendant hospital. The Court noted that although the plaintiff was an invitee on the premises of the hospital, and the hospital owed to her a duty to exercise ordinary care to have its premises in a reasonably safe condition, the fact that there was a storm in progress, negated any negligence as a matter of law on the part of the defendant. Further, the Virginia Supreme Court stated that

> [t]he authorities are in substantial accord in support of the rule that a business establishment, ... or other inviter, in the absence of unusual circumstances, is permitted to await the end of a storm and a reasonable time thereafter to remove the ice and snow from an outdoor entrance walk, platform, or steps. The general controlling principle is that changing conditions due to the pending storm render it inexpedient and impractical to take earlier effective action, and that ordinary care does not require it. *Id.* 45 S.E.2d at 902.

■ In the instant matter, plaintiff held the status of an invitee when he entered the defendant's premises, and accordingly, is entitled to all the duties owed to an invitee, as set forth in *Burdette*.[1] In other words, defendant had the duty to exercise ordinary care in keeping and maintaining his premises in a reasonably safe condition. Further, following the sound reasoning in *Walker v. Memorial Hospital* and the cases adopting the general rule of *Walker*, the Court finds that it is reasonable, and the exercise of ordinary care, for the landowner to await until the end of a snowstorm before removing the snow and ice from his premises.[2]

It is undisputed that at the time of plaintiff's alleged fall, fresh snow was everywhere, including on the area underneath the canopy as well as out from the canopy, and it was snowing heavily with blowing winds.[3] Moreover, plaintiff recognized the snowy conditions and the severe storm by walking slowly and carefully to and from the store, precisely placing one foot on the ground at a time. Consequently, upon consideration of defendant's Motion for Summary Judgment and the responses thereto, the Court is of the opinion that there does not exist a genuine issue as to any material fact and the Court can rule as a matter of law. The Court believes that nothing in the record is sufficient to support a reasonable inference that defendant was negligent in maintaining the premises where plaintiff alleges that he

---

1. Plaintiff contends that a higher standard of care applies in this matter because of a provision in a city ordinance relating to the removal of snow and ice from sidewalks. Elkins City Code § 18-6, entitled "Duties of owners and occupants as to sidewalks," provides, in part, that it is the "duty of each owner or occupant of any building or lot which abuts upon any street upon which there is a brick, stone, concrete, board or other type pavement or sidewalk" to "remove the snow and ice therefrom ..." once a day. The Court believes that since the ordinance does not apply to the removal of snow or ice from the premises of a convenience store and self service gasoline station it is inapplicable to the instant matter.

2. Although plaintiff strongly urges that *Walker* is distinguishable, the issue it presents is identical to the matter now under consideration. Plaintiff urges that there is a factual distinction, to wit, *Walker* relates to locations in the open and not under a canopy or within any type of structure. Since his fall occurred underneath a canopy, plaintiff argues that removal of the snow and ice—during the snowstorm—may have been pos-

sible through ordinary and reasonable means. However, since there was fresh snow everywhere, including underneath the canopy, the canopy does not function as a complete shield from the weather, thus the area where the fall occurred is analogous to the open, outside location in *Walker*, rather than an inside location. Accordingly, the Court does not believe that the instant case can be distinguished from *Walker* on that basis.

3. Although plaintiff contends that issues of fact remain as to whether or not snow was falling at the time of his fall and the severity of the snow fall, this does not appear to be the case. Plaintiff, in his sworn deposition testimony stated that there was a severe snowstorm in progress at the time he fell, which he does not now dispute. To illustrate a dispute of the facts, plaintiff relies on statements made by defendant that defendant did not know with specificity the weather conditions at the time and place of plaintiff's fall. Defendant does not dispute that it was snowing heavily, but only states that it does not recall the weather conditions.

slipped and fell. It is the opinion of the Court that defendant was under no duty to remove the snow from the premises during the pendency of the storm and therefore, defendant is not liable to plaintiff for the injuries he sustained in the fall. Accordingly, it is

ORDERED that Defendant Motion for Summary Judgment shall be, and the same is hereby, GRANTED and this civil action shall be dismissed and retired from the docket of the Court.

In light of the Court's granting of defendant's motion for summary judgment, it is further

ORDERED that Defendant's Motion to Exclude Plaintiff's Expert Witness and Defendant's Motion to Extend Discovery Deadline are DENIED as MOOT.