**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARGARET MUNDELL,
Plaintiff-Appellant,

v.

No. 95-2739

CONSOLIDATION COAL COMPANY, a
corporation,
Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
William M. Kidd, Senior District Judge.
(CA-92-52-1)

Argued: May 8, 1996

Decided: June 13, 1996

Before HALL and WILKINS, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brent E. Beveridge, BEVERIDGE LAW OFFICES, Fair-
mont, West Virginia, for Appellant. Steven Paul McGowan, STEP-
TOE & JOHNSON, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Jace H. Goins, STEPTOE & JOHNSON, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Margaret Mundell brought this action against Consolidation Coal Company (Consolidation), asserting that she was injured as a proximate result of the company's breach of its duty to maintain its premises in a reasonably safe condition. The district court granted summary judgment against Mundell, concluding that there were no genuine issues of material fact and that as a matter of law Consolidation had not breached its duty to her. We affirm.

I.

Mundell traveled to the offices of Consolidation in June 1990 in order to conduct business relating to the recent death of her husband, who had been employed by the company for many years. After opening an exterior glass door, Mundell observed a single step with the words "WATCH" and "STEP" painted in yellow across its top. She negotiated the single step up, then traversed a short, lighted walkway that was enclosed by three walls made partially of glass and entered the building after opening an interior door. Approximately one-half hour later, Mundell completed her business and began to exit the building via the same route. But, as she walked between the interior and exterior doors, she fell while stepping off the single step and sustained personal injuries.

Mundell filed suit against Consolidation, asserting that it had breached its duty to maintain its premises in a reasonably safe condition by failing to reconstruct the entrance of the building to eliminate the step. After discovery, the district court granted Consolidation's motion for summary judgment. It reasoned that since Mundell was a business invitee of Consolidation, the duty it owed her was to correct only hidden defects in its premises. See Burdette v. Burdette, 127 S.E.2d 249, 252 (W. Va. 1962). Because of her admission that she

2

had seen both the step and the accompanying warning while walking into the building, the district court concluded that even if the step were dangerous, the defect was known and obvious to her and, thus, that Consolidation had no duty to redesign the entrance. Accordingly, it entered summary judgment in favor of Consolidation.

II.

Mundell argues that the district court improperly applied the law of West Virginia in determining that she had failed to establish that Consolidation bore responsibility for her injuries. After carefully considering the arguments and briefs of counsel and reviewing the record, we affirm the grant of summary judgment for reasons adequately stated by the district court in its memorandum opinion and order. Mundell v. Consolidation Coal Co., No. 92-52 (N.D. W. Va. Aug. 25, 1995).

AFFIRMED

3