532 S.E.2d 639

Jody M. STEVENS, Plaintiff
below, Appellant,

v.

WEST VIRGINIA INSTITUTE OF
TECHNOLOGY, and/or West Virginia
University Institute of Technology, and
Montgomery General Hospital, Inc., De-
fendants below, Appellees.

No. 25956.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 22, 1999.

Decided Dec. 2, 1999.

Concurring and Dissenting Opinion of
Justice McGraw July 13, 2000.

Harry G. Camper, Jr., Esq., Beckley, West Virginia, Attorney for Appellant.

Joseph M. Farrell, Jr., Esq., Paul T. Farrell, Jr., Esq., Farrell, Farrell & Farrell, L.C., Huntington, West Virginia, Attorneys for Appellee Montgomery General Hospital, Inc.

Lou Ann S. Cyrus, Esq., Charles R. Bailey, Esq., Shuman, Annand, Bailey, Wyant &

Earles, Charleston, West Virginia, Attorney for Appellee West Virginia Institute of Technology.

## PER CURIAM:

This case is before this Court upon an appeal of a final order of the Circuit Court of Fayette County entered on October 5, 1998, denying the appellant's, Jody Stevens' ("Stevens"), motion to reconsider two separate orders granting summary judgment: (1) for appellee Montgomery General Hospital ("Montgomery Hospital"), entered on July 24, 1998; and (2) for appellee West Virginia Institute of Technology ("WVIT"), entered on September 14, 1998.

Stevens filed an action against WVIT alleging that she was injured due to defective gymnasium equipment located in the school, and against Montgomery Hospital alleging negligent care received at the hospital following her injury at WVIT. At the close of discovery, the circuit court determined that no genuine issues of fact existed to be tried and granted summary judgment for both appellees. In this appeal, Stevens contends that the circuit court erred, arguing that questions of fact do exist and that summary judgment was improvidently granted in both instances.

### I.

In 1995 Stevens was a student at WVIT and a member of a sorority that was associated with WVIT. During April of 1995 the sororities and fraternities at WVIT engaged in "Greek Week," a week of social activities that included volleyball games. On the evening of April 9, 1995, Stevens went to the WVIT gymnasium to participate in a sorority volleyball match. Permission had been granted by WVIT to the organizers of Greek Week to use WVIT's facility and equipment.

.Stevens and two sorority sisters went to the storage closet located in the gymnasium to obtain the equipment for a volleyball match. The two girls with Stevens took one of the volleyball standards,[1] and began roll-

---

1. The standard consists of a base and a pole from which the volleyball net is hung. The standard is designed in two pieces with the pole secured to the base with an attachment pin.

ing it out onto the floor. The base of the standard disconnected from the pole and struck Stevens in the back of the leg. It is unclear whether the attachment pin necessary to secure the pole to the base fell out, or was missing, when the girls began rolling the standard out of the closet. Emergency personnel were dispatched to the scene, and Stevens was transported from the WVIT facility to appellee Montgomery Hospital. The two girls with Stevens remained at the gymnasium and later provided affidavits to the police concerning the event.

The injury to Stevens' leg consisted of a deep laceration to the bone. An emergency room doctor at Montgomery Hospital examined the laceration, and applied stitches. Stevens was given crutches and sent home.

On the next day, Stevens felt her injury was getting more painful. She returned to Montgomery Hospital, where an appointment was made for her to see a surgeon the next day. Stevens later testified that when the surgeon at Montgomery Hospital examined the injury on her return visit, he became angry and inquired why a surgeon had not been contacted immediately upon her initial admission to the emergency room. The surgeon informed Stevens that she had an infection and that the skin around the wound would have to be removed. Stevens was taken to the Charleston Area Medical Center where she was hospitalized for approximately a week. Stevens was subsequently required to undergo physical therapy, and she allegedly continued to experience pain in her leg.

Stevens filed this personal injury action in the Circuit Court of Fayette County, alleging negligence against both WVIT and Montgomery Hospital. Stevens claimed that WVIT was negligent in allowing students to use defective equipment and was negligent in its supervision of its students. Stevens claimed that Montgomery Hospital was negligent in its treatment of her leg.

At the close of discovery, WVIT moved for summary judgment, arguing that no evidence had been submitted tending to show that WVIT was negligent. Montgomery Hospital likewise moved for summary judgment, arguing that Stevens' sole expert witness had not stated in his deposition that the care Stevens had received at Montgomery Hospital was a deviation from the applicable medical standard of care. The court granted both motions for summary judgment[2] and denied Stevens' motion to reconsider. This appeal followed.

## II.

We review the granting of summary judgment under the standard set forth in Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), where we held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" We have held that:

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syllabus Point 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Pursuant to Rule 56(c) of the *West Virginia Rules of Civil Procedure*, summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Accordingly, "[a] motion for summary judg-

---

**2.** While not raised as an issue by Stevens, we note that the circuit judge, in his order concerning Montgomery Hospital, did not adhere to the requirements we set forth in *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997). The circuit court dismissed Stevens' lawsuit against appellee Montgomery Hospital by stating:

> This Court, having duly considered the Motion for Summary Judgement filed by Montgomery General Hospital, the response filed by

the plaintiff, the arguments of counsel and the pleadings herein is of the opinion that there is no genuine issue of material fact and therefore ORDERS that Summary Judgement [sic] be entered in favor of Montgomery General Hospital on all issues and DISMISSES with prejudice Montgomery General Hospital from this action.

The order fails to make meaningful findings required under *W.Va.R.Civ.P.* Rule 56 and *Fayette County National Bank.*

ment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). *In accord*, Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992); Syllabus Point 1, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995); Syllabus Point 3, *Evans v. Mutual Mining*, 199 W.Va. 526, 485 S.E.2d 695 (1997).

■ We have also held that:

Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syllabus Point 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995). *In accord*, Syllabus Point 2, *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997).

■ The party that moves for summary judgment "has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syllabus Point 6, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Consequently, summary judgment should be denied, "even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." *Williams*, 194 W.Va. at 59, 459 S.E.2d at 336 (quoting *Pierce v. Ford Motor Co.*, 190 F.2d 910, 915 (4th Cir.1951)).

### III.

With these principles in mind, we turn to the issues in this case.

### A.

Stevens has alleged that WVIT breached its duty of reasonable care by providing defective equipment for use by students and by failing to adequately supervise students in the use of the equipment in the school's gymnasium.

■ This Court recently abolished the distinction between licensees and invitees, holding that:

The common law distinction between licensees and invitees is hereby abolished; landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances. We retain our traditional rule with regard to a trespasser, that being that a landowner or possessor need only refrain from willful or wanton injury.

Syllabus Point 4, *Mallet v. Pickens*, 206 W.Va.145, 522 S.E.2d 436 (1999). Because the distinction between licensees and invitees has been abolished, we need not determine which category Stevens might have been placed on the evening of her injury, although obviously, she was not a trespasser.

■ In *Mallet*, we stated that a landowner owes any non-trespassing entrant the duty of reasonable care under the circumstances. *Mallet*, 206 W.Va. at 446, 522 S.E.2d at 155. The duty of reasonable care does not require that the landowner be an "insurer of the safety of [the person] present on such premises and, if such [landowner] is not guilty of actionable negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such [person]." Syllabus Point 3, *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962).

■ In *Mallet*, we set forth five factors to be examined when determining whether a defendant has exercised reasonable care under the circumstances. The trier of fact must consider the following:

(1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the prem-

ises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

Syllabus Point 6, *Mallet, supra.*

■ Stevens, in her brief to this Court, states that the attachment pin designed to secure the pole to the base of the standard was either not installed properly, was loose and had fallen out, or was not there at all, when the students began moving the standard. The only evidence submitted below, regarding the alleged defective equipment, were the affidavits by the two women who were with Stevens on the night she was injured. The two women stated in their affidavits that the base of the standard got caught on a metal strip on the floor causing the base, which was not secured to the pole by a pin, to separate from the pole. These women were not deposed, and no other affidavits were made by them.

Except for Stevens and these two women, no other witnesses were listed by the plaintiff to support her allegation of defective equipment. No attempt was made by Stevens to examine the volleyball standard that caused the injury to determine if it was defective, nor was there any evidence offered below through depositions, answers to interrogatories or stipulations indicating how the equipment was to be set up or maintained.

We agree with the circuit court that Stevens failed to provide evidence sufficient to survive WVIT's motion for summary judgment on the issue of defective equipment.

■ We next examine the claim of WVIT's alleged failure to adequately supervise students at its gymnasium. We have held that "[w]hen a state university provides recreational activities to its students, it fulfills its educational mission, and performs a public service. As an enterprise charged with a duty of public service here, the University owes a duty of care to its students when it encourages them to participate in any sport." *Kyriazis v. University of West Virginia,* 192 W.Va. 60, 66, 450 S.E.2d 649, 655 (1994). While WVIT owed a duty of care to its students, Stevens must still provide evidence indicating that the school breached

this duty. Stevens submitted no evidence except for her own testimony indicating that WVIT failed to supervise the students at the school's gymnasium on the night she was injured.

■ Stevens argues that her testimony was enough to create a question of fact sufficient to overcome WVIT's motion for summary judgment. Our law requires that a party must respond with "more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams,* 194 W.Va. at 60, 459 S.E.2d at 337 (citations omitted). Based on our review of the record and the lack of evidence submitted, we do not believe that a reasonable jury could have found for Stevens on the issue of negligent supervision.

### B.

■ We next turn our attention to the summary judgment entered in favor of appellee Montgomery Hospital. We have held that " '[i]t is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.' Syl. Pt. 2, *Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964)." Syllabus Point 1, *Farley v. Meadows,* 185 W.Va. 48, 404 S.E.2d 537 (1991).

In the case before us, Stevens submitted the deposition of Dr. Burger to support her claim of medical malpractice. The record indicates that during his deposition Dr. Burger was unclear on whether the standard of care was adhered to in the treatment of Stevens.

On June 18, 1998, a hearing was conducted on Montgomery Hospital's motion for summary judgment. During the hearing the circuit court judge indicated to counsel for Stevens, based on Dr. Burger's deposition, that it appeared Dr. Burger was unclear on what his expert opinion was concerning the treatment Stevens received. Counsel for Stevens suggested that he would look in his file and submit to the court any written report from Dr. Burger. Counsel further stated that "we will ask [Dr. Burger] for a supplemental report when I get back to the office." Fol-

lowing this offer by counsel, the judge instructed counsel to bring everything with him that he had or was "going to get" to an already scheduled hearing on Monday, June 22, 1998.

Adhering to the judge's instructions, counsel for Stevens obtained an affidavit from Dr. Burger on June 19, 1998, and faxed the affidavit to the court and to opposing counsel.[3] The hearing conducted on Monday, June 22, 1998 was not transcribed. For reasons unclear from the record the judge refused to accept the affidavit, and then proceeded to grant summary judgment in favor of Montgomery Hospital.

We have stated that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Williams*, 194 W.Va. at 59, 459 S.E.2d at 336 (citations omitted). If the moving party makes a properly supported motion for summary judgment, then the burden shifts to the nonmoving party to either: "(1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." Syllabus Point 3, in part, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Resolving any doubt as to the existence of a genuine issue of material fact against Montgomery Hospital, we find the circuit court erred in refusing to permit the affidavit to be admitted into evidence and thereby erred in granting summary judgment.

### IV.

In conclusion, we find that the circuit court did not err in granting the motion for summary judgment in favor of the West Virginia Institute of Technology and affirm the circuit court's order of September 14, 1998. We further find that the circuit court did err in granting summary judgment in favor of

Montgomery General Hospital. We therefore reverse the court's July 24, 1998 order granting summary judgment in favor of the Hospital, and remand this part of the case to the circuit court for further proceedings.

Affirmed in part, Reversed in part, and Remanded.

Judge FRED RISOVICH, II, sitting by special assignment.

Justice SCOTT did not participate in the decision of the Court.

McGRAW, Justice, concurring in part, and dissenting in part.

(Filed July 13, 2000)

While I concur with the majority decision to reverse the grant of summary judgment with respect to the hospital, I would have also overturned the grant of summary judgment in favor of West Virginia Institute of Technology.

As the majority states correctly, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

In this case, I believe that further inquiry concerning the facts would have been desirable with regard to WVIT's conduct. Though it might eventually be discovered that the equipment was in satisfactory repair and that the plaintiff brought this accident upon herself, we do not know enough, in my view, to make such a finding.

The equipment might have been in extreme disrepair such that it constituted negligence on the part of WVIT to make it available to students. A piece of sporting equipment, made available to students to take down and set up on their own, which produced a laceration to the bone in the normal course of its operation, suggests that

---

**3.** Dr. Burger opined in his June 19, 1998 affidavit that he was "firmly of the opinion, within a reasonable degree of medical certainty, that the emergency room physician who treated Ms. Ste-

vens deviated from the standard of medical care and treatment[.]" Dr. Burger further stated that it was this deviation of acceptable care that contributed to the serious nature of Stevens' wound.

WVIT may well have been negligent in this case. We simply do not have enough information to allow the grant of summary judgment to stand. Therefore, I must respectfully dissent.

I am authorized to state that Judge RISOVICH joins in this separate opinion.