No. 12-0106 – <u>Walter E. Hersh and Mary L. Hersh v. E-T Enterprises,
Limited Partnership; Ralph L. Eckenrode; P&H Investments, Inc.; and
Trollers Associates, LLC</u>

**FILED**

December 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Chief Justice, dissenting:

In overruling the long-standing open and obvious doctrine established in

*Sesler v. Coal Co.*, 51 W. Va. 318, 41 S.E. 216 (1902), and *Burdette v. Burdette*, 147 W.

Va. 313, 127 S.E.2d 249 (1962), the Majority confuses negligence law in West Virginia.

Therefore, I respectfully dissent.

The Majority's opinion creates the following new syllabus point:

In the ordinary premises liability case against the
owner or possessor of the premises, *if it is foreseeable* that an
open and obvious hazard may cause harm to others despite
the fact it is open and obvious, then *there is a duty* of care
upon the owner or possessor to remedy the risk posed by the
hazard. Whether the actions employed by the owner or
possessor to remedy the hazard were reasonable is a question
for the jury.

(Emphasis added). This syllabus point fundamentally alters the negligence analysis in

property liability cases.

As every first year law student learns, to maintain a negligence case a

plaintiff must prove four elements: duty; breach; causation, which involves

foreseeability; and damages. The existence of a duty is the threshold issue in any

negligence case, and whether there is a duty is a question of law. Syl. pt. 5, *Aikens v.*

1

*Debow*, 208 W. Va. 486, 541 S.E.2d 576 (2000) ("The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law."). When there is no duty, there is no liability. The open and obvious doctrine operated to establish whether a property owner owed a duty to those on his property. Causation, on the other hand, generally presents a question of fact for the fact finder. Syl. pt. 5, *Hatten v. Mason Realty Co.*, 148 W. Va. 380, 135 S.E.2d 236 (1964) ("Questions of . . . proximate cause . . . present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.").

Syllabus point 5 of the Majority opinion nullifies the duty element by making its existence dependent on causation. Where the existence of a duty was previously a question of law, it is now dependent on findings of fact regarding foreseeability. Although duty and causation were previously separate elements, now, any foreseeable injury will result in a finding that the property owner owed a duty to an invitee onto that property.

The change in negligence law will have a dramatic effect on the way in which premises liability cases proceed in this State. Courts will no longer be able to dismiss cases for lack of duty as a matter of law; instead, the question of duty will be tied

to factual inquiries which will generally require submission of the case to a jury. I am also concerned about the real-world impact of this change in our jurisprudence. With this decision, our traditional concept of personal responsibility now no longer exists in the realm of premises liability. Where the open and obvious doctrine once operated to prevent meritless suits from proceeding through the court system, I fear that the elimination of the doctrine will throw open the courthouse doors to frivolous claims.