**FILED**
**June 1, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-1077     *Ronald A. Gable v. Deborah Gable and John Doe*(*s*)

Jenkins, Chief Justice*,* dissenting:

The majority has found that the plaintiff's bare-bones complaint in this matter is sufficient to require the defendant property owner to continue to defend this action. Because the Legislature has made clear that a property owner owes no duty of care for a danger that is open and obvious, and the complaint in this case failed to include any facts to indicate that the alleged hazard was anything but open and obvious, I would affirm the circuit court's order granting the motion to dismiss. Accordingly, I respectfully dissent.

Prior to 2013, West Virginia followed the open and obvious hazard doctrine in negligence actions founded on premises liability as demonstrated by this Court's favorable observation that,

> [i]n 65 C.J.S., Negligence, Section 50, the text contains this language: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." In 38 Am. Jur., Negligence, Section 97, the principle is expressed in these terms: "There is no liability for injuries from dangers that are obvious, reasonably apparent, or

1

as well known to the person injured as they are to the owner or occupant."

*Burdette v. Burdette*, 147 W. Va. 313, 318, 127 S.E.2d 249, 252 (1962), *overruled by Hersh v. E-T Enterprises, Ltd. P'ship*, 232 W. Va. 305, 752 S.E.2d 336 (2013).[1] As the majority observes, in 2013 the open and obvious hazard doctrine was judicially abolished. *See* Syl. pt. 6, *Hersh*, 232 W. Va. 305, 752 S.E.2d 336 ("The open and obvious doctrine in premises liability negligence actions is abolished. To the extent *Sesler v. Rolfe Coal & Coke Co.*, 51 W. Va. 318, 41 S.E. 216 (1902)[,] and *Burdette v. Burdette*, 147 W. Va. 313, 127 S.E.2d 249 (1962)[,] hold otherwise, they are overruled."). In response to the *Hersh* decision, the Legislature enacted West Virginia Code section 55-7-28 for the express purpose of reinstating the open and obvious hazard doctrine:

> (a) A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

> (b) Nothing in this section creates, recognizes or ratifies a claim or cause of action of any kind.

> (c) It is the intent and policy of the Legislature that this section reinstates and codifies the open and obvious hazard

---

[1] This quote refers to "invitees" because, in 1962 when *Burdette* was decided, the Court had not yet abolished the distinction between licensees and invitees. *See* Syl. pt. 4, *Mallet v. Pickens*, 206 W. Va. 145, 522 S.E.2d 436 (1999) ("The common law distinction between licensees and invitees is hereby abolished; landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances. We retain our traditional rule with regard to a trespasser, that being that a landowner or possessor need only refrain from willful or wanton injury.").

doctrine in actions seeking to assert liability against an owner, lessee or other lawful occupant of real property to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnership*, 232 W. Va. 305 (2013). In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity, or lack thereof, of violations of any statute relating to a cause of action.

W. Va. Code § 55-7-28 (eff. 2015). By enacting this statute, the Legislature has made clear that there simply is no duty owed "to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant." *Id.* Accordingly, I believe that to properly allege that a duty is owed, [2] a complaint asserting a negligence claim for premises liability must include sufficient facts to indicate that the complained of hazard was not open and obvious.

I recognize that West Virginia is a notice pleading state. *See State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995) ("Complaints are to be read liberally as required by the notice pleading theory

---

[2] As the majority correctly recognizes, duty is one of the four elements that must be established in a negligence case:

> In any negligence or tort case, a plaintiff is required to show four basic elements: duty, breach, causation, and damages. *See Carter v. Monsanto Co.*, 212 W.Va. 732, 737, 575 S.E.2d 342, 347 (2002) ("[B]efore one can recover under a tort theory of liability, he or she must prove each of the four elements of a tort: duty, breach, causation, and damages.").

Maj. op. ___ W. Va. ___, ___, ___ S.E.2d ___, ___ (2021).

underlying the West Virginia Rules of Civil Procedure."). However, "[u]nder Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Id.* "[D]espite the allowance in Rule 8(a) that the plaintiff's statement of the claim be 'short and plain,' a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]'" *Id.* (quoting *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993)). While this Court has commented that "a plaintiff is not required to set out facts upon which the claim is based," *id.*, it has been observed that "the pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 683 (3d ed. 2004). The instant complaint merely alleged that the defendant "had a duty to maintain the . . . front steps in a reasonably safe condition," and that the defendant "breached said duty by failing to remove golf balls and other objects and debris from the surface of the . . . steps and front porch of her residence[.]" The only reference to the defendant's duty in this narrative amounts to a legal conclusion that the defendant "had a duty to maintain the . . . front steps." The Court is not bound to accept as true a legal conclusion that is not supported by facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Indeed, "[w]hile legal conclusions can provide the framework of a

4

complaint, they must be supported by factual allegations." *Id*. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d 868.

Given the Legislature's determination that no duty on the part of a possessor of real property arises when a hazard is open and obvious, I would require more than a bare legal conclusion with respect to a defendant's duty of care to satisfy Rule 8(a) of the West Virginia Rules of Civil Procedure and to survive a Rule 12(b)(6) motion to dismiss. "Although the pleading requirements of Rule 8(a) are very liberal and easily satisfied, many federal courts have made it clear that more detail often is required than the bald statement by the plaintiff that she has a valid claim of some legally recognizable type against the defendant." 5B Wright & Miller, *supra* § 1357, at 544. *See also id* at 270 (Supp. 2019) ("[W]hat is clear is that more detail is required than the bald statement by the plaintiff that she has a valid claim of some legally recognizable type against the defendant."). In fact, this Court previously has observed that

> liberalization in the rules of pleading in civil cases does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: "Simplicity and informality of pleading do not permit carelessness and sloth: *the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint*."

*Sticklen v. Kittle*, 168 W. Va. 147, 164, 287 S.E.2d 148, 157-58 (1981) (emphasis added). *See also* 5B Wright & Miller, *supra* § 137, at 683 ("[T]he pleader must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences

to be drawn from the complaint that indicate that these elements exist."). Because the complaint in this case failed to include any facts tending to show that the hazard was not open and obvious, which is required to establish that a duty was owed by the defendant, the circuit court's order granting the defendant's motion to dismiss should have been affirmed. *Cf.*, *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 1307185, *2 (S.D. Fla. Mar. 19, 2020) (dismissing a complaint sounding in negligence, in part, because the complaint failed "to allege that the risk creating condition was not open and obvious" when an element of the claim required that the condition be open and obvious) (quotations and citation omitted); *Spall v. NCL (Bahamas) Ltd.*, 275 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (dismissing one count of a complaint and explaining that "[b]ased upon well-established case law in this Circuit, there is no duty to warn where the dangers are open and obvious. Plaintiffs have failed to allege that any danger was not open and obvious to Plaintiff. Plaintiffs have not sufficiently alleged . . . a plausible claim for negligence based upon a failure to warn theory.").

For the foregoing reasons, I would affirm the circuit court's order dismissing the complaint in accordance with Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failing to state a claim upon which relief can be granted. I am authorized to state that Justice Armstead joins me in this dissent.