WILDA ROGERS, Appellant, v. TORE, LTD., a Nevada Corporation, Respondent.

No. 5795

September 30, 1969                                   459 P.2d 214

Bradley & Drendel, of Reno, for Appellant.

Leslie A. Leggett, of Reno, for Respondent.

## OPINION

By the Court, Thompson, J.:

This appeal from a summary judgment for the defendant in a damage suit for personal injury requires our decision as to

whether the owner of a shopping center parking lot may ever be liable to an invitee for failing to remove or otherwise treat natural accumulations of ice thereon when the invitee knows of the dangerous condition and voluntarily encounters it. The district court ruled that the owner could not be liable as a matter of law. We do not agree and reverse that determination.

Wilda Rogers was walking to her place of employment at Faye's Ready to Wear Shop in "Shopper's Square," Reno. While crossing the parking lot of the shopping center she slipped on the icy pavement, fell and was injured. There had been precipitation the evening before and ice formed as the result of the rain freezing during the early morning hours. There was also a trace of snow. She knew of the icy condition of the parking lot pavement and was "trying to pick her way carefully through the ice" when she fell. She was wearing low-heeled shoes.

Shopper's Square is owned by Tore, Ltd. That company leases properties thereon to commercial tenants but retains possession and control of the parking areas and common approaches. When snow accumulated in sufficient quantity to warrant the use of snow removal equipment the owner hired independent contractors to clear the parking lot. On this occasion, however, there was only a trace of snow on the surface of the parking area. The owner used a chemical compound to make icy sidewalk areas safer for pedestrian use, but did not employ that safety measure on the large parking area because of the expense.

The foregoing statement fairly summarizes the most significant evidence submitted by deposition to the trial court on the defendant's motion for summary judgment.

1. Nevada has not before considered the duty of a land possessor to his invitee in these limited circumstances. Neither have we ruled upon the plaintiff's legal position. Case authority elsewhere is split. Older cases, without qualification, denied liability of the land occupier if his invitee knew of the dangerous condition and voluntarily encountered it. Indeed, such is the position expressed by 2 Rest. Torts, Sec. 340 (1934).

This point of view is harsh when applied to all cases, for once the claimant's knowledge of the dangerous condition is established the case is at an end regardless of other attendant circumstances. The land possessor's duty is controlled solely by the plaintiff's awareness of the danger. In turn, the plaintiff is barred from relief notwithstanding the fact that she may have had good reason to encounter the danger and did so with due care. For these reasons the Restatement has qualified its position. Sec. 343A states: "A possessor of land is not

liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." 2 Rest. (Second) Torts, p. 218 (1965).

We prefer the qualified Restatement position. The invitee's knowledge of the danger does not inevitably bar recovery. Dawson v. Payless for Drugs, 433 P.2d 1019 (Ore. 1967). Other circumstances properly may bear upon the right to recover.

In the case at hand the plaintiff's mission was to go to work, and plainly justified her encountering the danger. Worth v. Reed, 79 Nev. 351, 356, 384 P.2d 1017 (1963). Whether she did so with due care or carelessly is not so clear as to preclude trial on the point. Her characterization of the manner of her walking over the icy pavement suggests due care, and in response to a motion for summary judgment she is entitled to the full benefit of her statement. Similarly, it is not certain that the defendant took reasonable precautions to protect her. The trier of facts might find that such precautions were taken. On the other hand, a contrary conclusion may be permissible in view of the owner's admission that the safety measures used on the sidewalks were not used in the large parking area because of the expense. That admission was not explored in depth. On summary judgment a court is compelled to grant the plaintiff every advantage to be gleaned from it.

2. The respondent-owner suggests that our decision in Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962), is dispositive and commands an affirmance of the summary judgment entered below. It is true that we there affirmed an involuntary dismissal at the close of the plaintiff's case on the flat proposition that an owner's duty of care does not extend to an invitee who incurs injury from an obvious condition. The condition was a 30-foot-long planter box in a hotel lobby. Unlike the instant case, the plaintiff in Gunlock, supra, was not justified in encountering that condition. Neither were the circumstances there involved of such character as to lead the hotel owner to anticipate harm to an invitee. Accordingly, Gunlock, supra, does not control this case.

We conclude that the ultimate issues to be resolved in this

litigation are fact issues and a full trial on the merits is required.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.