IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2013 Term

_____

No. 12-0106

_____

FILED

**November 12, 2013**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WALTER E. HERSH
and MARY L. HERSH
Plaintiffs Below, Petitioners

v.

E-T ENTERPRISES, LIMITED PARTNERSHIP;
RALPH L. ECKENRODE;
P&H INVESTMENTS, INC., a Virginia Corporation;
and TROLLERS ASSOCIATES, LLC, a Virginia limited liability company
Defendants Below, Respondents

_____

Appeal from the Circuit Court of Berkeley County
The Honorable Gina M. Groh, Judge
Civil Action No. 10-C-149

REVERSED AND REMANDED

_____

Submitted: September 11, 2013
Filed: November 12, 2013

Harry P. Waddell, Esq.
Martinsburg, West Virginia
Counsel for the Petitioners

Christopher J. Regan, Esq.
Bordas & Bordas, PLLC
Wheeling, West Virginia
Counsel for *Amicus Curiae* West Virginia
Association for Justice

Joseph L. Caltrider, Esq.
Bowles Rice McDavid Graff & Love LLP
Martinsburg, West Virginia
Counsel for Respondents E-T Enterprises,
Limited Partnership, and Ralph L.
Eckenrode

Johnnie E. Brown, Esq.
Jeffrey W. Molenda, Esq.
Kameron T. Miller, Esq.

Pullin, Fowler, Flanagan, Brown & Poe, PLLC
Charleston, West Virginia
Counsel for Respondents P&H Investments, Inc., and Trollers Associates, LLC

Jeffrey A. Holmstrand, Esq.
Flaherty Sensabaugh Bonasso PLLC
Wheeling, West Virginia
Counsel for *Amicus Curiae* Defense Trial Counsel of West Virginia

Jill Cranston Bentz, Esq.
Mychal Sommer Schulz, Esq.
Jacob A. Manning, Esq.
Dinsmore & Shohl, LLP
Counsel for *Amicus Curiae* West Virginia Insurance Federation

JUSTICE KETCHUM delivered the Opinion of the Court.

CHIEF JUSTICE BENJAMIN dissents and reserves the right to file a separate opinion.

JUSTICE LOUGHRY dissents and reserves the right to file a separate opinion.

SYLLABUS BY THE COURT

1.     "When a statute imposes a duty on a person for the protection of others, it is a public safety statute and a violation of such a statute is prima facie evidence of negligence unless the statute says otherwise.  A member of a class protected by a public safety statute has a claim against anyone who violates such a statute when the violation is a proximate cause of injury to the claimant."  Syllabus Point 7, *Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 524 S.E.2d 688 (1999).

2.     "A party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident."  Syllabus Point 3, *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879, 880 (1979).

3.     "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised.  The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?"  Syllabus Point 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988).

4.     "In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5)

i

the magnitude of the burden placed upon the defendant to guard against injury." Syllabus Point 6, *Mallet v. Pickens*, 206 W. Va. 145, 522 S.E.2d 436 (1999).

5. In the ordinary premises liability case against the owner or possessor of the premises, if it is foreseeable that an open and obvious hazard may cause harm to others despite the fact it is open and obvious, then there is a duty of care upon the owner or possessor to remedy the risk posed by the hazard. Whether the actions employed by the owner or possessor to remedy the hazard were reasonable is a question for the jury.

6. The open and obvious doctrine in premises liability negligence actions is abolished. To the extent *Sesler v. Rolfe Coal & Coke Co.*, 51 W.Va. 318, 41 S.E. 216 (1902) and *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962) hold otherwise, they are overruled.

7. In the ordinary premises liability case against the owner or possessor of the premises, the finder of fact may consider whether a plaintiff failed to exercise reasonable self-protective care when encountering an open and obvious hazard on the premises. The plaintiff's confrontation of an open and obvious hazard is merely an element to be considered by the jury in apportioning the relative fault of the parties.

8. The owner or the possessor of premises is not an insurer of the safety of every person present on the premises. If the owner or possessor is not guilty of negligence or willful or wanton misconduct and no nuisance exists, then he or she is not liable for injuries sustained by a person on the premises.

ii

Justice Ketchum:

In this appeal from the Circuit Court of Berkeley County, we are asked to examine the "open and obvious" doctrine as it applies in premises liability actions. Under this common-law doctrine, if a plaintiff is injured by a hazard on another's land that was "open and obvious" such that it was or could have been known to the reasonable plaintiff, then the plaintiff is barred as a matter of law from recovering any damages from the premises owner or possessor. Under the doctrine, the premises owner or possessor owes no duty of care to eliminate open and obvious hazards; instead, he or she only has a duty to correct hidden dangers.

The plaintiff below fell down a staircase in a commercial parking lot that lacked handrails. He asserts that the defendant property owners were *prima facie* negligent because a local ordinance legally required the installation of at least one handrail. The defendants claimed that the missing handrail was an open and obvious danger, and that the plaintiff knew there was no handrail. In two orders dated December 15, 2011, the circuit court granted summary judgment to the defendants, finding no actionable negligence because the defendants had no duty of care toward the plaintiff.

We reverse the circuit court's orders. As set forth below, we abolish the "open and obvious" doctrine. If a hazard is open and obvious on premises, it does not preclude a cause of action by a plaintiff for injuries caused by that hazard. Instead, a jury may consider the obviousness of the hazard in determining the comparative negligence of the plaintiff against that of the owner or possessor of the premises.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

On the morning of October 9, 2009, plaintiff Walter E. Hersh drove to a shopping plaza in Martinsburg, West Virginia. The plaza has two parking lots separated by an embankment. The lower parking lot is owned by third-party defendants P&H Investments, Inc. and Trollers Associates, LLC. The upper parking lot is owned by defendants Ralph Eckenrode and E-T Enterprises Limited Partnership.

On the embankment between the two parking lots is a set of wooden stairs, and the stairs rest on the real property owned by both sets of defendants. However, the stairs were constructed and maintained solely by Mr. Eckenrode and E-T Enterprises Limited Partnership.

The parties agree that the building code ordinance for the City of Martinsburg required at least one handrail on the wooden stairs.[1] The parties also agree there were no handrails on the stairs. Mr. Eckenrode testified in a deposition that he had removed the handrails.[2]

---

[1] The City of Martinsburg adopted the International Property Maintenance Code [2006], which states in Section 306 that, "Every exterior and interior flight of stairs having more than four risers shall have a handrail on one side of the stair[.]" *See also*, *W.Va. Code* § 21-3-6 [1923] ("In all . . . mercantile establishments, . . . proper and substantial handrails shall be provided on all stairways, and the treads thereon shall be so constructed as to furnish a firm and safe foothold. . . .").

[2] As Mr. Eckenrode testified in his deposition:

[W]e had skateboarders that knocked the handrails so that they were leaning in a dangerous way and they were using the handrails to jump up on and slide down to the bottom of the

(continued . . .)

2

Mr. Hersh parked in the lower parking lot and climbed up the stairs to visit a store on the upper lot. After about 25 minutes, he left the store to return to his car. As he was descending the wooden stairs, he fell to the parking lot below and sustained a severe head injury.

Mr. Hersh and his wife (plaintiff Mary L. Hersh) brought the instant case against the defendants seeking damages for Mr. Hersh's fall down the stairs. Mr. Hersh asserted that the missing handrails, which were required by law, caused or contributed to his injuries. The defendants filed motions for summary judgment because it was undisputed that the missing handrails were an "open and obvious" condition, and undisputed that Mr. Hersh knew there were no handrails on the stairs before he fell.

In two orders dated December 15, 2011, the circuit court granted summary judgment to all of the defendants. The circuit court stated that it is a fundamental principle of West Virginia premises liability law that "a property owner is not liable for injuries sustained as a result of dangers that are 'obvious, reasonably apparent, or as well known to the person injured as they are to the owner.'"[3] The circuit court found no "disputed material facts regarding the open and obvious missing handrails along the stairs

thing, which I was afraid they were going to wind up getting hurt severely . . . when they jumped up on them they caused the handrails to lean out so that they became very loose and I took – I took the handrails down thinking that it would deter them from, you know, jumping this – jumping the handrails.

[3] For this legal principle, the circuit court quoted *Burdette v. Burdette*, 147 W.Va. 313, 318, 127 S.E.2d 249, 252 (1962), which was in turn quoting from *American Jurisprudence*.

3

in question or [Mr. Hersh's] admitted knowledge of those missing handrails before he fell." Stating it another way, the circuit court found that the missing handrail was a condition that "was open, obvious, reasonably apparent, and as well known to Mr. Hersh as it was to the Defendants on October 9, 2009[.]"

The circuit court concluded that Mr. Hersh had failed to state an actionable case of negligence by the defendants. Under West Virginia law, the circuit court was of the belief that an open, obvious and known condition – "like the missing handrails along the subject stairs in the case *sub judice*" – could not, as a matter of law, establish a case of negligence by a defendant that could be submitted to a jury. The circuit court determined that "open, obvious, and known conditions cannot create *actionable* negligence in West Virginia premises liability cases, even if those conditions are a violation of a regulation or ordinance." Accordingly, the circuit court granted summary judgment to all of the defendants and dismissed the plaintiffs' case.

The plaintiffs now appeal the circuit court's December 15, 2011, summary judgment orders.

## II.
## STANDARD OF REVIEW

When we review a circuit court's order granting summary judgment under Rule 56 of the *Rules of Civil Procedure*, we consider the order *de novo*.[4] We apply the

---

[4] Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed de novo.").

4

same guidelines as the circuit court, and examine the record to assess whether there is a genuine issue of fact to be tried or whether an inquiry concerning the facts is desirable to clarify the application of the law.[5]

## III.
## ANALYSIS

In a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages.[6] The plaintiff must prove that the defendant owed the plaintiff some duty of care; that by some act or omission the defendant breached that duty; and that the act or omission proximately caused some injury to the plaintiff that is

---

[5] Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963) ("A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.").

[6] "[B]efore one can recover under a tort theory of liability, he or she must prove each of the four elements of a tort: duty, breach, causation, and damages." *Carter v. Monsanto Co.*, 212 W. Va. 732, 737, 575 S.E.2d 342, 347 (2002). *See also*, Syllabus Point 3, *Alexander v. Jennings*, 150 W. Va. 629, 149 S.E.2d 213 (1966) ("To recover in an action based on negligence the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains."); *Webb v. Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 118, 2 S.E.2d 898, 899 (1939) ("In every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish, by a preponderance of the testimony, three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries received thereby, resulting proximately from the breach of that duty.").

compensable by damages. When we say that a defendant is "negligent," we are merely saying the defendant owed some duty of care to another yet failed to abide by that duty.[7]

This appeal centers on the first element: duty. The parties offer two competing arguments. First, the plaintiff, Mr. Hersh, asserts that the defendant landowners owed the plaintiff (and others like him) a duty of care to install a handrail on their stairs. The plaintiff further asserts this duty was imposed by a city ordinance, and contends that the defendants' failure to follow the ordinance establishes a *prima facie* case of negligence. The plaintiff therefore argues that the circuit court erred in finding that the defendants owed no duty of care to the plaintiff.

Second, the arguments of the parties require us to consider the continued viability of the "open and obvious" doctrine in premises liability cases. The defendants argue that under the "open and obvious" doctrine they did not owe the plaintiff *any* duty of care. They contend that the circuit court correctly found that the missing handrail on the defendants' staircase was an "open and obvious" hazard. Under the precedents of this Court, the defendants claim that if a danger is open and obvious, then the owner or possessor has no duty to warn or duty to protect others against the danger. The owner or

---

[7] "Negligence is the failure of a reasonably prudent person to exercise due care in his conduct toward others from which injury may occur." *Walker v. Robertson*, 141 W.Va. 563, 570, 91 S.E.2d 468, 473 (1956). *See also*, Syllabus Point 1, *Washington v. Baltimore & O.R. Co.*, 17 W.Va. 190 (1880) ("Negligence is the doing of something, which under the circumstances a reasonable person would not do, or the omission to do something in discharge of a legal duty, which under the circumstances a reasonable person would do, and which act of commission or omission as a natural consequence directly following produces damages to another.").

6

possessor is absolved of all liability for that danger, and the doctrine acts as a complete bar to a plaintiff's negligence claim.

The defendants take the position that, even if their actions violated a city ordinance, their actions created a condition that was open and obvious to the public, and therefore the defendants' actions could never form the basis of a negligence cause of action. The plaintiff counters that the open and obvious doctrine should be abolished.

We examine both parts of the parties' arguments. First, as we discuss below, we find that the circuit court erred in finding that the defendants owed no duty of care to the plaintiff. Our law is clear that an ordinance designed for the safety of the public – such as one requiring handrails on stairways – imposes a duty of care. The violation of that ordinance constitutes *prima facie* evidence of negligence by a defendant, and the circuit court erred in finding otherwise.

Second, we expressly abolish the open and obvious doctrine in premises liability actions. The obviousness of a danger does not relieve an owner or possessor's duty of care towards others, and does not preclude recovery by a plaintiff as a matter of law. Whether a plaintiff's conduct under the circumstances was reasonable will be determined under the principles of comparative negligence. A plaintiff's knowledge of a hazard bears upon the plaintiff's negligence; it does not affect the defendant's duty. Put simply, the obviousness of a dangerous condition should inform a fact finder's assessment of the parties' comparative negligence, rather than dictate dismissal by the court as a matter of law.

A.

7

<u>Violation of an ordinance is *prima facie* negligence.</u>

The plaintiff's first argument is that the circuit court failed to give any legal effect to the undisputed fact that the defendants deliberately removed handrails from the staircase, in direct violation of a municipal safety statute requiring a handrail. The plaintiff argues that the violation of a statute or ordinance intended for the protection of public safety constitutes a *prima facie* case of negligence.

It is a firmly established rule in West Virginia that a defendant's disregard of a statute is *prima facie* negligence.[8] More specific to this case, it is just as firmly

---

[8] *See, e.g.*, Syllabus Point 1, *Norman v. Virginia-Pocahontas Coal Co.*, 68 W.Va. 405, 69 S.E. 857 (1910) ("A violation of the statute inhibiting the employment of boys under fourteen years of age in coal mines constitutes actionable negligence whenever that violation is the natural and proximate cause of an injury."); Syllabus Point 5, *Tarr v. Keller Lumber & Const. Co.*, 106 W.Va. 99, 144 S.E. 881 (1928) ("Disregard of a statutory requirement is *prima facie* negligence when it is the natural and proximate cause of an injury."); Syllabus Point 3, *Oldfield v. Woodall*, 113 W.Va. 35, 166 S.E. 691 (1932) ("Disregard of a requirement of a statute or an ordinance is *prima facie* negligence when it is the natural and proximate cause of an injury."); Syllabus Point 3, *Meyn v. Dulaney-Miller Auto Co.*, 118 W.Va. 545, 191 S.E. 558 (1937) ("A pedestrian crossing a street between street crossings in violation of an ordinance is not necessarily precluded from recovery. His violation of the ordinance is *prima facie* negligence, but to preclude recovery it must naturally and proximately result in his injury. This latter question is clearly within the province of the jury to solve."); *Somerville v. Dellosa*, 133 W.Va. 435, 439, 56 S.E.2d 756, 759 (1949) ("It is an established principle in this jurisdiction that the violation of a statute alone is sufficient to make the violator *prima facie* guilty of negligence."); Syllabus Point 1, *Spurlin v. Nardo*, 145 W.Va. 408, 114 S.E.2d 913 (1960) ("A violation of the statute dealing with adequate brakes on a motor vehicle constitutes *prima facie* negligence."); Syllabus Point 1, *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990) (Violation of a statute is *prima facie* evidence of negligence. In order to be actionable, such violation must be the proximate cause of the plaintiff's injury.").

8

established that a defendant's violation of a municipal ordinance[9] or a safety regulation[10]

is *prima facie* negligence.

In Syllabus Point 7 of *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333,

524 S.E.2d 688 (1999), Justice Davis established the following guideline for weighing

whether the violation of a statute, ordinance or regulation is *prima facie* negligence:

> When a statute imposes a duty on a person for the
> protection of others, it is a public safety statute and a
> violation of such a statute is prima facie evidence of
> negligence unless the statute says otherwise. A member of a
> class protected by a public safety statute has a claim against

---

[9] Syllabus Point 3, *Skaff v. Dodd*, 130 W.Va. 540, 44 S.E.2d 621 (1947) ("Disregard of the requirements of a traffic statute or ordinance is *prima facie* actionable negligence, when it is the natural and proximate cause of the injury, and where in an action for personal injuries the evidence conflicts on the question of proximate cause, such question is one of fact for the jury."); Syllabus Point 4, *Rich v. Rosenshine*, 131 W.Va. 30, 45 S.E.2d 499 (1947) ("The violation of a valid municipal ordinance is *prima facie* actionable negligence when it is the proximate cause of an injury."); Syllabus Point 1, *Moore, Adm'r v. Skyline Cab, Inc.*, 134 W.Va. 121, 59 S.E.2d 437 (1950) ("The violation of an ordinance is not negligence as a matter of law, but is prima facie actionable negligence when it is the proximate cause of an injury."); Syllabus Point 3, *Simmons v. City of Bluefield*, 159 W. Va. 451, 225 S.E.2d 202 (1975) ("The violation of a municipal ordinance creates a prima facie case of negligence and the determination as to whether there was in fact a violation and whether the violation was the proximate cause of the injury is within the province of the jury.").

[10] *See*, *e.g.*, Syllabus Point 1, in part, *Johnson v. Monongahela Power Co.*, 146 W. Va. 900, 123 S.E.2d 81, 83 (1961) ("Valid rules and regulations of the Public Service Commission of West Virginia, which incorporate and adopt certain minimum requirements of the National Safety Code with regard to the external installation of electrical equipment, have the force of statutory law and the failure to comply therewith would constitute *prima facie* negligence. . . ."); Syllabus Point 1, in part, *Miller v. Warren*, 182 W. Va. 560, 390 S.E.2d 207 (1990) ("Failure to comply with a fire code or similar set of regulations constitutes *prima facie* negligence, if an injury proximately flows from the non-compliance and the injury is of the sort the regulation was intended to prevent; . . .").

anyone who violates such a statute when the violation is a proximate cause of injury to the claimant.

In the instant case, the building code of the City of Martinsburg (as adopted by ordinance) required the defendants to have a handrail attached to their staircase. The building code imposes a duty on business owners such as the defendants for the protection of others. Accordingly, we can easily say that the handrail requirement is a public safety law.

Further, one of the defendants, Mr. Eckenrode, intentionally removed the handrails from the staircase at issue.[11] On these facts, the plaintiff asserts that he has established a *prima facie* case of negligence, and that the circuit court should have permitted a jury to consider whether the defendants' violation of the ordinance was a proximate cause of the plaintiff's injuries.

After examination of the record, we agree with the plaintiff that the circuit court erred. The plaintiff established genuine issues of fact regarding whether the defendants violated the Martinsburg building code ordinance requiring handrails, thereby creating a *prima facie* case of negligence. The determination as to whether there was in

---

[11] The defendants are not conceding that the missing handrails were an actual violation of the Martinsburg building code. The defendants note that the building code requires a property owner to repair required structures like handrails, and permits a property owner to remove such structures for necessary maintenance and repair. The defendants assert that Mr. Eckenrode removed the handrails because they had been damaged by skateboarders, and that he had contracted to re-install the handrails two weeks before Mr. Hersh's fall.

10

fact a violation by the defendants and whether the violation was the proximate cause of the plaintiff's injury are questions within the province of the jury.

B.
The Duty of Care and the Open and Obvious Doctrine

The defendants argue that the circuit court was still correct in its overall finding that they owed no duty of care to the plaintiff, because of the "open and obvious" doctrine. The defendants concede that while the violation of a statute, ordinance or building code may be negligence, they nevertheless assert that the violation does not create "actionable" negligence when that violation is as well known to the person injured as it is to the owner or occupant of the premises. The defendants bluntly argue that the owner or occupier of the premises owes no duty of care to others when a danger is known, open and obvious.

The defendants argue that the "open and obvious" doctrine is rooted in two West Virginia cases: *Sesler v. Rolfe Coal & Coke Co.*,[12] issued in 1902, and *Burdette v. Burdette*,[13] issued sixty years later. In both cases, this Court required the owner or occupier of premises to exercise reasonable care to keep premises in a safe condition. For example, we said in Syllabus Point 2 of *Burdette*,

---

[12] *Sesler v. Rolfe Coal & Coke Co.*, 51 W.Va. 318, 41 S.E. 216 (1902).

[13] *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962).

11

The owner or the occupant of premises owes to an invited person[14] the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition.[15]

However, despite the general duty to keep premises in a safe condition, the *Sesler* Court created an exception and held that a premises owner has no duty of care to fix a dangerous condition that was known to a person injured on the premises. "[T]he owner [of premises] owes the duty of ordinary, reasonable care to have and keep his premises in safe condition . . . unless defects be known to such person [going upon another's premises]."[16] A premises owner only has "the duty to warn them of any danger

---

[14] The rules espoused in *Burdette* and *Sesler* were couched in terms of "invitees" who entered onto a defendant's land. The common law contained three categories of entrants onto land: invitees, licensees, and trespassers. "A licensee is a person who enters onto property with permission; an invitee enters onto property with permission for some pecuniary or business benefit to the landowner; and a trespasser enters on land without any permission whatsoever." *Self v. Queen*, 199 W. Va. 637, 642, 487 S.E.2d 295, 300 (1997) (Starcher, J., concurring). In *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999), we abolished any distinction between invitees and licensees and expanded the duty of care to licensees, stating in Syllabus Point 4:

> The common law distinction between licensees and invitees is hereby abolished; landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances. We retain our traditional rule with regard to a trespasser, that being that a landowner or possessor need only refrain from willful or wanton injury.

[15] Syllabus Point 2, *Burdette*, *supra* (footnotes added).

[16] Syllabus Point 1, *Sesler*, *supra* (stating in full, "To one going upon another's premises, not as a trespasser or mere licensee, but by invitation in legal sense, as for instance, an independent contractor going upon such premises to do a work under contract with the owner, the owner owes the duty of ordinary, reasonable care to have and keep his premises in safe condition for such person's work, unless defects be known to such person.")

12

. . . which he knows of . . . and of which [the entrants] are not aware."[17] The Court found it was "well established that if one knows, or by fair care could know of danger threatening him, he cannot encounter that danger, and charge his injury upon the owner of the premises even though that owner be in fault."[18]

In *Burdette*, the Court – without ever citing to *Sesler* – expanded the open and obvious doctrine. In dicta, the Court inserted two quotes from *Corpus Juris Secundum* and *American Jurisprudence*. The defendants contend these quotes establish that a premise owner only has a duty of care to protect others against "hidden dangers, traps, snares, pitfalls, and the like" that "are not known" to people entering onto the premises. The section of *Burdette* relied upon by the defendants (and by the circuit court in its summary judgment orders) states:

> In 65 C.J.S., Negligence, Section 50, the text contains this language: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." In 38 Am. Jur., Negligence, Section 97, the principle is expressed in these terms: "There is no liability for injuries from dangers that are obvious, reasonably

---

[17] *Sesler*, 51 W.Va. at 322, 41 S.E. at 217.

[18] *Id.*, 51 W.Va. at 322, 41 S.E. at 218.

13

apparent, or as well known to the person injured as they are to the owner or occupant."[19]

The defendants assert that these two quotes firmly establish the principle in our jurisprudence that the owner or occupier of premises is under "no duty to reconstruct or alter the premises so as to obviate known and obvious dangers."[20] Put simply, the defendants contend that they were under no obligation to re-install a railing on the staircase, and they cannot be held liable for injuries to the plaintiff because the dangers presented by the missing railing were obvious, reasonably apparent, or as well known to the plaintiff as they were to the defendants.

The plaintiff argues the open and obvious doctrine should be rejected, and urges this Court to adopt Section 343A of the *Restatement (Second) of Torts* (1965). Under Section 343A(1), the fact that a danger is open, known, or obvious to others does not eliminate "liability" as a matter of law. Instead, Section 343A(1) states that a possessor of land has a duty of care towards others when the possessor should anticipate harm to them from a danger on the land, even if the danger is known or obvious. Section 343A(1), which is titled "Known or Obvious Dangers," states:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on

---

[19] *Burdette v. Burdette*, 147 W. Va. at 318, 127 S.E.2d at 252.

[20] The defendants' assertion ignores our constitutionally-based rule that, "This Court will use signed opinions when new points of law are announced and those points will be articulated through syllabus points as required by our state constitution." Syllabus Point 2, *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001). *See also*, *W.Va. Const.*, Art. VIII, section 4.

the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Section 343A(1) recognizes that if a hazard is open and obvious, then a warning by the possessor ordinarily will not provide additional protection against harm. "Risks that are known, open, or obvious already provide notice to those who might be exposed to the risk, making a warning superfluous."[21]  Nevertheless, despite the opportunity for an entrant to avoid an open and obvious hazard, a possessor is still required to take reasonable precautions when the possessor "should anticipate the harm despite such knowledge or obviousness."  "Even if a danger is open and obvious, the duty of reasonable care may require precautions other than a warning, including employing durable precautions that eliminate or reduce the risk posed by the condition or activity."[22]  "Thus, the fact that a dangerous condition is open and obvious bears on the assessment of whether reasonable care was employed, but it does not pretermit the land possessor's liability.  This treatment of land possessors is consistent with that of other actors who create risks."[23]

---

[21] *Restatement (Third) of Torts, Phys. & Emot. Harm* § 51, cmt. k (2010).  "If a danger is open and obvious, a warning would provide no additional safety, because a warning is for the purpose of informing about a danger.  Thus, a failure to warn of an obvious danger cannot be a cause of the harm because, even if a warning had been provided, it would have made no difference—the obvious nature of the danger provides the same notice as a warning would have."  *Id.*

[22] *Id.*

[23] *Id.*

Since the adoption of Section 343A(1) in 1965, many jurisdictions throughout the country have abolished the open and obvious doctrine. "The manifest trend of the courts in this country is away from the traditional rule absolving, *ipso facto*, owners and occupiers of land from liability for injuries resulting from known or obvious conditions, and toward the standard expressed in section 343A(1) of the Restatement (Second) of Torts (1965)."[24] This trend is because courts have recognized that the open

[24] *Ward v. K Mart Corp.*, 136 Ill.2d 132, 150, 554 N.E.2d 223, 231 (Ill. 1990). Courts that have abandoned the open and obvious doctrine for various reasons in the wake of Section 343A(1) include *Foster v. Costco Wholesale Corporation*, 291 P.3d 150, 156 (Nev. 2012); *Steigman v. Outrigger Enterprises, Inc.*, 126 Hawai'i 133, 138, 267 P.3d 1238, 1243 (2011); *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 390 (Ky.2010); *Hale v. Beckstead*, 116 P.3d 263, 267 (Utah 2005) (adopting the *Restatement (Second)* approach); *Martinez v. Chippewa Enters., Inc.*, 18 Cal. Rptr. 3d 152, 155 (Ct. App. 2004); *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004) (concluding that legislation that reinstated traditional status-based duties did not incorporate an "open and obvious condition" defense); *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn.1998); *Wieseler v. Sisters of Mercy Health Corp.*, 540 N.W.2d 445 (Iowa 1995); *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 610-11, 537 N.W.2d 185, 187 (1995); *Tharp v. Bunge Corp.*, 641 So.2d 20, 25 (Miss.1994) (same); *Harris v. Niehaus*, 857 S.W.2d 222, 226 (Mo.1993); *Klopp v. Wackenhut Corp.*, 113 N.M. 153, 824 P.2d 293, 295 (1992); *Ward v. K Mart Corp.*, 136 Ill.2d 132, 554 N.E.2d 223, 228 (1990); *Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989); *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28 (Mo. 1987); *Ashcroft v. Calder Race Course, Inc.*, 492 So.2d 1309 (Fla.1986); *Mitchell v. Ankney*, 396 N.W.2d 312 (S.D. 1986); *Williams v. Boise Cascade Corp.*, 507 A.2d 576 (Me.1986); *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wyo. 1985); *Woolston v. Wells*, 297 Or. 548, 687 P.2d 144, 149–50 (1984); *Kronen v. Richter*, 211 Mont. 208, 683 P.2d 1315 (1984); *Maci v. State Farm Fire & Cas. Co.*, 105 Wis.2d 710, 314 N.W.2d 914 (1981); *Adee v. Evanson*, 281 N.W.2d 177 (Minn. 1979); *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978); *Kuykendall v. Newgent*, 255 Ark. 945, 504 S.W.2d 344 (1974); *Kremer v. Carr's Food Center*, 462 P.2d 747 (Alaska 1969); *Rogers v. Tore, Ltd.*, 85 Nev. 548, 550, 459 P.2d 214, 215 (1969); *Dawson v. Payless for Drugs*, 248 Or. 334, 433 P.2d 1019 (1967); *Hanson v. Town & Country Shopping Center, Inc.*, 259 Iowa 542, 144 N.W.2d 870 (1966). *See generally* Ernest H. Schopler, "Modern status of the rule absolving a possessor of land of liability to those coming thereon for harm caused by

(continued . . .)

and obvious doctrine is akin to contributory negligence and "is harsh when applied . . . for once the claimant's knowledge of the dangerous condition is established the case is at an end regardless of other attendant circumstances."[25]  Under the open and obvious doctrine, the "land possessor's duty is controlled solely by the plaintiff's awareness of the danger."[26]

In light of the *Restatement (Second)*'s position, courts in other jurisdictions have concluded that "[t]he invitee's knowledge of the danger does not inevitably bar recovery."[27]  These courts have dispensed with the harsh open and obvious rule and now allow the jury to evaluate the comparative fault of the parties, typical in modern negligence cases.

This Court abolished the doctrine of contributory negligence and adopted the doctrine of comparative fault in *Bradley v. Appalachian Power* in 1979.  We noted in *Bradley* that the judicially created concept of contributory negligence was harsh, strict, and violated "concepts of justice and fair play" because "the slightest negligence of a plaintiff precludes any recovery and thereby excuses the defendant from the

---

dangerous physical conditions of which the injured party knew and realized the risk," 35 A.L.R.3d 230 (1971).

[25] *Rogers v. Tore, Ltd.*, 85 Nev. 548, 549, 459 P.2d 214, 215 (1969).

[26] *Id.*

[27] *Id.*, 85 Nev. at  550, 459 P.2d at 215.

17

consequences of all of his negligence, however great it may be."[28]  We therefore adopted

the doctrine of comparative fault or comparative negligence, stating:

> A party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident.[29]

The open and obvious doctrine was born in the era of contributory

negligence, and its continued operation in our law "resurrect[s] contributory negligence

as an absolute bar to recovery in cases involving a land possessor's liability"[30] to invitees

and licensees.  As the reporters' comments to the current draft of the *Restatement (Third)*

*of Torts* state:

> The rule that a land possessor was not subject to liability for any open and obvious danger is much easier to justify in an era when contributory negligence constituted a complete bar to recovery.  An entrant who fails to take self-protective measures may be contributorily negligent and, if so, that would avoid any liability by the possessor.  However, such a rule cannot be justified after contributory negligence becomes a comparative defense.[31]

---

[28] *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 335, 256 S.E.2d 879, 882 (1979).

[29] *Id.*, Syllabus Point 3.

[30] *Harrison v. Taylor*, 115 Idaho 588, 592, 768 P.2d 1321, 1325 (1989) (quoting *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 656-57, 671 P.2d 1112, 1118-19 (Ct.App.1983)).

[31] *Restatement (Third) of Torts, Phys. & Emot. Harm* § 51, cmt. k (2010).

18

In light of our comparative negligence doctrine, we believe that the fact that a hazard was open and obvious should not relieve the possessor of the premises of all possible duty with respect to the hazard. "The modern and controlling law on this subject is that 'although the obviousness of a danger may obviate the duty to warn of its existence, if it is foreseeable that the danger may cause injury despite the fact that it is obvious (e.g., when necessity requires persons to encounter it), there may be a duty to remedy the danger, and the breach of that duty may in turn form the basis for liability[.]'"[32] We therefore believe that the open and obvious doctrine should be abolished.

We decline, however, the plaintiffs' invitation that we adopt Section 343A(1) of the *Restatement (Second) of Torts*, as it is written, into our jurisprudence. As Section 343A(1) is written, it is unwieldy and does not clearly state when a premises owner or possessor may be held liable. Instead, it confusingly says that a possessor of land "is not liable" unless the possessor anticipates harm, despite someone else's knowledge or the obviousness of the danger. Furthermore, Section 343A(1) speaks in terms of one being "liable," without clarifying if this involves considerations of duty, breach of a duty, or causation. And finally, Section 343A(1) is directed solely toward

---

[32] *Martinez v. Chippewa Enterprises, Inc*., 121 Cal. App. 4th 1179, 1184, 18 Cal. Rptr. 3d 152, 155 (2004) (quoting *Osborn v. Mission Ready Mix*, 224 Cal.App.3d 104, 122, 273 Cal.Rptr. 457, 468 (1990)).

19

protecting "invitees," while in this jurisdiction owners and possessors of land owe a duty

of care to both invitees and licensees.[33]

However, while we decline to adopt Section 343A(1) *in toto*, we find the

rule and its accompanying notes and comments to be instructive.[34]

In determining whether or not an owner or possessor of land has a duty of

care to alter their conduct when faced with a hazard on the land, the focus is on

foreseeability.[35]   The risk of harm to others from an open and obvious danger can

sometimes be foreseeable to an owner or possessor, thereby creating a duty to exercise

care to alleviate the danger:

> The principles stated in the Restatement (Second) of Torts §
> 343A relate directly to foreseeability and facilitate
> consideration of the duty issue. Whether the danger was
> known and appreciated by the plaintiff, whether the risk was
> obvious to a person exercising reasonable perception,
> intelligence, and judgment, and whether there was some other
> reason for the defendant to foresee the harm, are all relevant
> considerations that provide more balance and insight to the

---

[33] Additionally, adoption of Section 343A(1) would also require us to consider and adopt Section 343.  Comment A to Section 343 of the *Restatement (Second) of Torts* says that Section 343 "should be read together with § 343A . . .  That Section limits the liability here stated."

[34] We also find instructive the reporter's notes and comments to the American Law Institute's successor to Section 343A, *Restatement (Third) of Torts, Phys. & Emot. Harm* § 51 [2010].

[35] "The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law."  Syllabus Point 5, *Aikens v. Debow*, 208 W. Va. 486, 488, 541 S.E.2d 576, 578 (2000).

analysis than merely labeling a particular risk "open and obvious." In sum, the analysis recognizes that a risk of harm may be foreseeable and unreasonable, thereby imposing a duty on the defendant, despite its potentially open and obvious nature.[36]

"The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?"[37] We have adopted the following guidelines for assessing whether an owner or possessor of land has exercised reasonable care:

> In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.[38]

Because of the doctrine of comparative fault, the issue of the land possessor's duty and breach must be kept distinct from the question of the entrant's negligence. The finder of fact must assess whether a non-trespassing entrant failed to

[36] *Coln v. City of Savannah*, 966 S.W.2d 34, 42 (Tenn.1998).

[37] Syllabus Point 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988).

[38] Syllabus Point 6, *Mallet v. Pickens*, 206 W.Va. 145, 146, 522 S.E.2d 436, 437 (1999).

exercise reasonable self-protection in encountering a hazard, that is, whether the entrant would "proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk."[39]

But an entrant's decision to encounter an open and obvious danger does not necessarily mean that the land possessor was not also negligent for failing to fix an unreasonable danger in the first place. Under our rule of comparative fault, the defendant should be held responsible for his own negligence, if any. This makes good policy sense. As the Supreme Court of Mississippi aptly stated:

> This Court should discourage unreasonably dangerous conditions rather than fostering them in their obvious forms. It is anomalous to find that a defendant has a duty to provide reasonably safe premises and at the same time deny a plaintiff recovery from a breach of that same duty. The party in the best position to eliminate a dangerous condition should be burdened with that responsibility. If a dangerous condition is obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger.[40]

We have repeatedly said that the owner or possessor of premises is not an insurer of the safety of people entering onto the premises. The "mere occurrence of an accident does not give rise to the presumption of negligence,"[41] and "an owner of

---

[39] *Restatement (Second) of Torts* § 343A, cmt. f (1965).

[40] *Tharp v. Bunge Corp.*, 641 So.2d at 25.

[41] Syllabus Point 1, *Griffith v. Wood*, 150 W.Va. 678, 149 S.E.2d 205 (1966).

22

business premises is not legally responsible for every fall which occurs on his premises."[42] We said in 1954 that,

> The owner or the occupant of premises used for business purposes is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person.[43]

We continue to hold that possessors of property – particularly private homeowners – are not insurers of the safety of every person legitimately entering the property. Possessors of property do not have a duty to eliminate every potential hazard; they only have a duty to take reasonable steps to ameliorate the risk posed by the hazard where it is foreseeable that harm is likely to result from the hazard.

> To read negligence into every instance in which an obvious danger is allowed to remain on one's own property would impose upon private homeowners and property owners a cumbersome burden, indeed, to ensure that their homes and yards are perfectly clear from all obvious and potentially injury-producing circumstances. Regardless of which standard of care is most judicious to impose upon possessors of land, however, the fact remains that the law does not impose this burden.

> Instead, the law simply requires owners to take reasonable steps to protect invitees.[44]

---

[42] *McDonald v. Univ. of W. Virginia Bd. of Trustees*, 191 W.Va. 179, 182, 444 S.E.2d 57, 60 (1994) (*per curiam*).

[43] Syllabus Point 3, *Puffer v. Hub Cigar Store*, 140 W.Va. 327, 84 S.E.2d 145, 148 (1954) (overruled on other grounds by *Mallet v. Pickens*, 206 W. Va. 145, 522 S.E.2d 436 (1999)).

[44] *Hale v. Beckstead*, 116 P.3d at 269.

23

In summary, we conclude that in the ordinary premises liability case against the owner or possessor of the premises, if it is foreseeable that an open and obvious hazard may cause harm to others despite the fact it is open and obvious, then there is a duty of care upon the owner or possessor to remedy the risk posed by the hazard. Whether the actions employed by the owner or possessor to remedy the hazard were reasonable is a question for the jury. Of course, our cases make it clear this duty applies toward licensees and invitees, and not to trespassers.[45]

Furthermore, we now hold that the open and obvious doctrine in premises liability negligence actions is abolished. To the extent *Sesler v. Rolfe Coal & Coke Co.*, 51 W.Va. 318, 41 S.E. 216 (1902) and *Burdette v. Burdette*, 147 W.Va. 313, 127 S.E.2d 249 (1962) hold otherwise, they are overruled.

Additionally, in the ordinary premises liability case against the owner or possessor of the premises, the finder of fact may consider whether a plaintiff failed to exercise reasonable self-protective care when encountering an open and obvious hazard on the premises. The plaintiff's confrontation of an open and obvious hazard is merely an element to be considered by the jury in apportioning the relative fault of the parties.

---

[45] *See* Syllabus Point 4, *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999) ("The common law distinction between licensees and invitees is hereby abolished; landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances. We retain our traditional rule with regard to a trespasser, that being that a landowner or possessor need only refrain from willful or wanton injury.").

24

Finally, we reiterate that the owner or the possessor of premises is not an insurer of the safety of every person present on the premises. If the owner or possessor is not guilty of negligence or willful or wanton misconduct and no nuisance exists, then he or she is not liable for injuries sustained by a person on the premises.

Applying these principles to the instant case, we find that the circuit court erred in granting summary judgment to the defendants. Because the lack of handrails violated a City of Martinsburg ordinance and building code, the plaintiffs have alleged a *prima facie* case of negligence by the defendants. Furthermore, because of (1) the foreseeability that harm to others could occur despite the obvious lack of handrails, (2) as well as the likelihood of severe injuries from falling down the stairs, (3) the fact that the plaintiff entered the defendants' business premises during business hours for a business purpose and (4) used the staircase in a normal way, like a typical customer, weighed against evidence in the record that (5) the defendants could have fixed the stairs and handrails for a reasonable cost, then the circuit court should have found that the defendants had a duty of care to install handrails on the staircase. The defendants were in the best position to remedy the legally-required handrails, and the law requires nothing more than reasonable efforts to protect individuals like the plaintiff.

Of course, the defendants are not entirely off the mark in stressing that the missing handrails were an open and obvious hazard. The finder of fact may consider whether the plaintiff failed to exercise reasonable care for his own safety when he used the staircase that obviously lacked handrails. However, the open and obvious nature of the missing handrails does not completely bar the plaintiff's recovery. It is merely an

25

element to be considered by the jury in apportioning the comparative negligence of the parties.

**IV.**
**CONCLUSION**

The circuit court's December 15, 2011, orders granting summary judgment to the defendants is reversed, and the case is remanded for further proceedings.

Reversed and Remanded.