No. 14-0258 – *David Ragonese v. Racing Corporation of West Virginia, d/b/a Mardi Gras Casino and Resort*

**FILED**
**February 12, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Justice, concurring:

I agree with the majority's conclusion that factual questions exist as to whether the petitioner, David Ragonese, was a trespasser at the time he was injured. These factual uncertainties preclude summary judgment on the issue of trespass.

Upon remand, should the fact-finder determine that Mr. Ragonese was *not* a trespasser, this Court's recent opinion, *Hersh v. E-T Enterprises, Limited Partnership*, 232 W. Va. 305, 752 S.E.2d 336 (2013), will control in determining the liability of the respondent, Racing Corporation of West Virginia, d/b/a Mardi Gras Casino and Resort ("Mardi Gras Casino"). In syllabus point 6 of *Hersh*, the Court abolished the open and obvious doctrine in premises liability negligence actions. Justice Loughry and I dissented in *Hersh* because we believe the open and obvious doctrine embodied in the law traditional concepts of personal responsibility and because application of the open and obvious doctrine acted to prevent frivolous law suits proceeding past the summary judgment phase. I write separately in the present case to reaffirm the position of Justice Loughry and myself in *Hersh*: By eliminating the open and obvious doctrine, this Court has fundamentally damaged the means by which premises liability cases proceed through our judicial system.