No. 14-0258 – *David Ragonese v. Racing Corporation of West Virginia, d/b/a Mardi Gras Casino and Resort*

**FILED**

**February 12, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, concurring:

I agree that the defendant was not entitled to summary judgment. As the parties presented their case, there was a jury issue presented as to whether the plaintiff was a trespasser.

Before the summary judgment hearing the defendant withdrew its contention that no duty of care was owed to the plaintiff because the steep hill and wall he traversed were "open and obvious" defects. The defendant withdrew these grounds for summary judgment due to this Court's opinion in *Hersh v. E-T Enterprises*, 232 W.Va. 305, 752 S.E.2d 336 (2013).

If the open and obvious issue had been presented to the circuit court, I believe the defendants would have been entitled to summary judgment.

*Hersh* makes clear that the owner of the premises is not an insurer of an invitee's safety; the owner is not responsible for every slip and fall; whether a premises owner owes someone a duty of care is usually a question of law for the trial court;[1] and a landowner has *no duty* to eliminate every potential hazard, but rather only has a duty to

---

[1] *See also* Syllabus Point 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000) ("The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.").

1

ameliorate the risk posed by a hazard where it is reasonably foreseeable that harm is likely to result from the hazard. *Hersh v. E-T Enterprises, Ltd. P'ship*, 232 W.Va. at 317, 752 S.E.2d at 348.

Here, it is undisputed that the steep bank with a six-foot high retaining wall at the bottom of the bank was a hazard that the plaintiff knew existed. To ameliorate the risk posed by the hazard, the defendant built two walkways around the steep bank and six-foot high wall. These walkways eliminated the need for anyone to pass through a row of bushes, walk down the open-for-all-to-see and obviously steep bank and fall off the six-foot high wall.

The defendant met its duty of care toward the plaintiff, taking indisputably reasonable steps to ameliorate the risk posed by the hazard. The defendant met its duty of care, as set out in *Hersh*. The plaintiff blithely failed to exercise self-protective care (and by-passed the defendant's reasonable steps to ameliorate the hazard) when he stepped off the sidewalk, walked through a row of bushes, descended the steep slope and fell over the wall.

I believe that the defendant would have been entitled to summary judgment if they had not withdrawn their open and obvious contention after *Hersh* was issued.

Although the defendant would have been entitled to summary judgment, this Court should consider adopting a new point of law to clarify that landowners who build sidewalks around open and obvious hazards have breached no duty of care to a plaintiff who leaves the sidewalk and is injured by the hazard. Other courts have concluded that if a landowner

2

provides a clear means of ingress and egress and an invitee strays off the normal pathway onto an area that is obviously not reserved for that purpose, the landowner has not breached its duty of "reasonable care." When a pathway for normal access is made available to an invitee and the dangers of straying off the clear path are, as here, open and obvious, the premise possessor owes no duty to warn or protect such an invitee.

*Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 689, 822 N.W.2d 254, 256 (2012)