**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1207**

WANDA C. AITCHESON; ROBERT D. AITCHESON, husband and wife,

Plaintiffs - Appellants,

v.

DOLGENCORP, LLC, d/b/a Dollar General,

Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cv-00174-GMG-RWT)

Submitted: November 30, 2020                  Decided: December 10, 2020

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Lees, Jr., HUNT & LEES, LC, Charleston, West Virginia; F. Samuel Byrer, LAW OFFICE OF F. SAMUEL BYRER, PLLC, Charles Town, West Virginia, for Appellants. Rita Massie Biser, Lynnette Simon Marshall, MOORE & BISER, PLLC, South Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Wanda C. Aitcheson ("Aitcheson") tripped over a ladder at a Dollar General store in West Virginia, she and her husband, Robert D. Aitcheson (collectively, "Appellants"), commenced this negligence action against Dolgencorp, LLC, d/b/a Dollar General ("Dolgencorp"). The district court granted summary judgment to Dolgencorp, concluding that the ladder was an open and obvious hazard for which Dolgencorp owed no duty of care. We affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under West Virginia law, a plaintiff alleging negligence "is required to show four basic elements: duty, breach, causation, and damages." *Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013). As a general matter, "[t]he owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." *Id.* at 344 (footnotes and citation omitted). However, a property owner or occupant owes no such duty "to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant." W. Va. Code Ann. § 55-7-28. Consequently,

2

an owner or occupant "shall not be held liable for civil damages for any injuries sustained as a result of such dangers." W. Va. Code Ann. § 55-7-28.

On the afternoon of the incident—which was captured on the store's security camera—a Dollar General employee left a ladder resting against a cart located immediately outside the entrance to the store. The ladder eventually fell over, blocking the path to the store's automatic sliding doors. Roughly a minute later, Aitcheson approached the entrance. Distracted by a "Now Hiring" sign, Aitcheson failed to notice the ladder, which was eight feet in length and bright yellow in color. Consequently, Aitcheson tripped over the ladder, fell to the ground, and broke her wrist.

Despite the conspicuous nature of the ladder's color, size, and placement, Appellants insist that the obviousness of the ladder is a triable question of fact. We disagree. Based on our review of the video, we conclude that no reasonable jury could find that the ladder was anything but open, obvious, and reasonably apparent. Thus, the district court correctly determined that Dolgencorp owed no duty of care with respect to the danger posed by the ladder.

Next, Appellants spend much of their opening brief faulting the employee's decision to leave the ladder in front of the store. But whether the employee acted properly is a question addressed to the element of breach, which presupposes the existence of a duty. And as discussed above, Dolgencorp had no duty to protect Aitcheson from the ladder, so the employee's alleged carelessness is simply irrelevant. Finally, we reject Appellants' contention that the district court violated the Seventh Amendment by not letting a jury determine whether the ladder was an obvious hazard. *Barber v. Kimbrell's, Inc.*, 577 F.2d

3

216, 221 n.12 (4th Cir. 1978) ("[W]here summary judgment is properly granted, no Seventh Amendment issue arises.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*