No. 21-0387, *Butner v. High Lawn Memorial Park Company, et al.*

**FILED**

**November 17, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Armstead, Justice, concurring:**

I concur in the majority's ultimate decision to affirm the circuit court's grant of summary judgment to Respondents on all claims asserted by Petitioner. I further concur with the majority's holding that summary judgment was appropriate as to whether the landowner breached a duty to the petitioner because the only evidence proffered by the petitioner to establish such a duty consisted of unsworn and unverified documents and alleged oral statements which are insufficient to meet the Petitioner's burden pursuant to Rule 56 of the Rules of Civil Procedure.

I write separately simply to clarify what I believe is the appropriate application of the open and obvious doctrine outlined in West Virginia Code § 55-7-28(a) in light of the circuit court's findings regarding the doctrine. The open and obvious statute makes clear that "a possessor of real property, including an owner, lessee or other lawful occupant," owes "*no duty of care*" to parties injured on the premises in four (4) separate instances:

(1) if the danger is open;

(2) if the danger is obvious;

(3) if the danger is reasonably apparent; or

(4) if the danger was as well known to the person injured as it was to the owner or occupant.

1

W. Va. Code § 55-7-28(a) (emphasis added).

If the danger is open, obvious, or reasonably apparent, the owner or occupant's knowledge of the danger is irrelevant to the question of whether the landowner or occupant owes a duty of care to a plaintiff. Moreover, under the fourth circumstance, where a danger is "as well known" to the person injured as it is to the owner or occupant, such provision does not establish any ***duty*** on the owner to know or investigate any dangers. It merely provides that an injured party cannot assert a duty on the part of an owner or occupant of the premises for a danger that was as "well known" to the injured party as it was to such owner or occupant. I write separately to clarify that no such duty is established by the open and obvious statute.

In 2013, this Court judicially abolished the open and obvious doctrine. *See Hersh v. E-T Enterprises, Ltd. Partnership*, 232 W. Va. 305, 752 S.E.2d 336 (2013). In response, in 2015, the Legislature "expressly reinstated the doctrine by enacting West Virginia Code § 55-7-28(a)." *Gable v. Gable*, 245 W. Va. 213, 228, 858 S.E.2d 838, 853 (2021). Subsection (c) of West Virginia Code § 55-7-28 provides:

> (c) It is the intent and policy of the Legislature that this section reinstates and codifies the open and obvious hazard doctrine in actions seeking to assert liability against an owner, lessee or other lawful occupant of real property to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnership*, 232 W. Va. 305 [752 S.E.2d 336] (2013). In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity, or lack thereof, of violations of any statute relating to a cause of action.

2

West Virginia Code § 55-7-28(c).

While this majority acknowledges the Legislature's express desire to reinstate the open and obvious hazard doctrine, I am concerned by the majority's interpretation of portions of the circuit court's holding. Specifically, the majority states:

> We disagree with the court's analysis, which turns the open and obvious danger doctrine inside out and creates a lose-lose proposition for any plaintiff: if the plaintiff can see or otherwise perceive the danger, he or she loses because the danger is open and obvious; and if the plaintiff cannot see or otherwise perceive the danger, he or she still loses because *a priori* the defendant can't see or perceive it either and therefore has no duty of care to the plaintiff.

The majority further concludes: "We therefore reject the circuit court's construction of the statute; evidence that a plaintiff did not see or otherwise perceive the danger does not mean, as a matter of law, that the defendant could not have been aware of it either."

I respectfully differ from the majority in my interpretation of the circuit court's opinion. I do not believe the circuit court based its finding that **the owner of the premises** had no knowledge of any alleged dangerous conditions on the property solely on whether the **plaintiff** knew of such dangers. In fact, the circuit court found that, "[i]n the present case, **the evidence** reveals that at the time of the incident, the danger of the hidden hole was not visible to Plaintiff, or to anyone else, including Defendants." (Emphasis added). The circuit court further held that "[s]ince the Defendants had no knowledge of

3

the defect or dangerous condition on their property, the Court finds it would be impossible for Defendants to have prevented the Plaintiff from discovering the defect or condition."

Clearly, the circuit court's finding that the landowner was not aware of the holes on the property was based on the evidence presented before the circuit court. This is contrary to the majority's characterization that the circuit court created a lose-lose scenario by merely assuming that because the plaintiff below could not see the holes, neither could the landowner. Here, the circuit court found, having fully considered the evidence presented by the parties at the summary judgment stage, that there was no evidence that the landowner was aware of any dangerous condition.

I agree that the circuit court was correct to grant summary judgment to Respondents on all claims asserted by Petitioner because Petitioner did not produce evidence in compliance with the provisions of Rule 56 in opposition to Respondents' motion for summary judgment sufficient to establish that there is a genuine issue for trial on the issue of negligence. I further concur with the majority's holding that unsworn and unverified documents provided by Petitioner were not of sufficient evidentiary reliability to be given weight in the circuit court's determination of whether to grant a motion for summary judgment.

Because the majority has touched on the respective knowledge of an alleged hazard by the property owner or occupant and the party alleging injury as such knowledge relates to the open and obvious doctrine, I simply wish to clarify what I believe is the proper meaning of the statute. Again, I write separately merely to caution and reiterate that West

4

Virginia Code § 55-7-28(a) does not require a court to consider the knowledge of the owner or occupant when considering whether a danger is open, obvious, or reasonably apparent. Moreover, even where the fourth scenario outlined by § 55-7-28(a) is implicated, and "a danger is as well known to the person injured as it is to the owner or occupant," such provision does not, in and of itself, establish any duty on the part of the owner or occupant to know or investigate any such alleged dangers. Such provisions only provides that where the facts show that the danger was as "well known" to the injured party as to the owner or occupant, such owner or occupant owes no duty to the injured party.