**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

C.L., as parent and next friend
of the minor child, H.L.,
Plaintiff Below, Petitioner

vs.)  No. 22-0285 (Upshur County 20-C-23)

Upshur County Board of Education,
Defendant Below, Respondent

# MEMORANDUM DECISION

Petitioner C.L., as parent and next friend of the minor child H.L., appeals the Circuit Court of Upshur County's March 30, 2022, order granting Respondent Upshur County Board of Education's motion for summary judgment and dismissing her claims.[1] Upon our review, we find no substantial question of law and no prejudicial error. Accordingly, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

H.L., a middle school student, injured her left ankle during her school softball team's practice while attempting to execute a slide in a "figure four" position. The practice was held in a gymnasium, and H.L. and her teammates wore tennis shoes during the practice. Prior to attempting to slide, H.L. and her teammates were coached on how to execute a figure-four slide.

H.L., by her mother, Petitioner C.L., brought a civil action against respondent, asserting that H.L. was injured due to the negligence of her coaches, who were employed by respondent.[2] Below, petitioner alleged that, during H.L.'s slide attempt, H.L.'s "left tennis shoe became caught on the gym floor causing her to suffer a severe ankle fracture." Petitioner further contended that H.L.'s coaches created an increased risk of injury to H.L. by conducting the sliding practice on a gymnasium floor while H.L. wore tennis shoes.

---

[1] Petitioner appears by counsel Andrew G. Meek and Alex J. Shook. Respondent appears by counsel Susan L. Deniker, Allison B. Williams, and Kaitlin L.H. Robidoux.

[2] The parties do not dispute that respondent can be held liable for the negligence of their employees.

During discovery, the parties obtained depositions from numerous witnesses, including H.L., her coaches, and expert witnesses. H.L. testified that she told her head coach, Jim Gregory, that she was nervous about attempting to slide but that Mr. Gregory reassured her that she would be all right. Regarding how the injury occurred, H.L. testified, "I just know I went down in a four with my left leg under," and "I went down and just heard the snap, I guess." She was questioned as follows:

> Q.     . . . [W]hat happened to your foot that caused the snap, if you know?
> A.     I'm guessing it just got caught and – because I tried to stand up after it was broke. And it was turned the opposite way.
> Q.     Okay. Do you know if when you – when you slid, if your foot turned under you, or it turned out? Do – do you have any memory of where your [left] foot was?
> A.     No.
> . . . .
> Q.     Okay. Do you have any memory of it sticking on the gym floor in any way?
> A.     I don't remember.

When questioned about how H.L.'s injury occurred, Mr. Gregory testified:

> [W]hen she got about to right in front of me, instead of the transition that we had talked about and, you know, how you teach the -- You go from the run. You drop the hip. You know, you work your -- and then -- and then let your legs go. She just fell straight down. She didn't -- There was no slide. She didn't attempt to slide. She just kind of sat down. And when she sat down, she sat down with her left leg under her and sat right down on top of it.

Similarly, an assistant coach, Timothy Bennett, testified, "[B]efore a designated area where she was supposed to begin to slide, she didn't. She went up there and just almost -- just went up and stopped abruptly and then just fell back." In describing how he believed H.L. was injured, Mr. Bennett said, "I just think, with her size, that when she stopped abruptly like that, that something had to give. And that's -- that's why the ankle was what -- what gave."

Petitioner's expert witness on softball and the standard of care, Dr. Laura Miele, criticized the teaching method the coaches employed and testified that "allowing H.L. to slide after she demonstrated her nervousness . . . was unreasonable and created a dangerous condition." Dr. Miele opined that it was "[m]ore likely than not" that the rubber on the side of H.L.'s shoe "potentially g[o]t caught onto the floor"; however, Dr. Miele admitted that she was not sure if H.L.'s shoe got caught on the floor.

Petitioner's expert witness on the extent of H.L.'s injury, Dr. Jennifer Michael, testified that H.L.'s injury was "[c]onsistent with someone catching their foot and it twisting."

Following discovery, respondent filed a motion for summary judgment, which the circuit court granted by order entered on March 30, 2022. Petitioner appeals that order, arguing that

questions of fact exist that should have precluded the circuit court from granting summary judgment in favor of respondent.[3] We review the circuit court's order de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). In conducting our de novo review, we are mindful that

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4. "In determining on review whether there is a genuine issue of material fact between the parties, this Court will construe the facts 'in a light most favorable to the losing party.'" *Alpine Prop. Owners Ass'n v. Mountaintop Dev. Co.*, 179 W. Va. 12, 17, 365 S.E.2d 57, 62 (1987) (quoting *Masinter v. Webco Co.*, 164 W. Va. 241, 242, 262 S.E.2d 433, 435 (1980)).

The Court has explained that "[i]n a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages." *Hersh v. E-T Enters., Ltd. P'ship*, 232 W. Va. 305, 310, 752 S.E.2d 336, 341 (2013), *superseded by statute on other grounds*, W. Va. Code § 55-7-27. The first and fourth elements—duty and damages—are not in dispute in this appeal. Both petitioner and respondent agree that H.L.'s coaches owed a duty of reasonable care to H.L., and they agree that H.L. suffered damages. Petitioner disagrees with the circuit court's conclusions as to the second and third elements—breach and causation—arguing that the circuit court erred by concluding that the coaches exercised reasonable care in teaching H.L. to slide in the figure four position and that there was no evidence that the coaches' conduct was a foreseeable cause of H.L.'s injury.

We agree with the circuit court's determination that there is no evidence establishing that H.L.'s coaches' conduct was a foreseeable cause of her injury. The testimony of H.L., Mr. Gregory, and Mr. Bennett does not support petitioner's allegation that H.L. was injured as a result of her shoe becoming caught on the gymnasium floor. The undisputed testimony establishes that H.L. did not execute the slide as instructed, stopping abruptly and falling instead of using her momentum to carry her along the floor. Because H.L.'s momentum did not carry her along the floor, her shoe could not have become caught on the floor in the manner alleged by petitioner. Dr. Miele's testimony that H.L.'s shoe "likely" or "potentially g[o]t caught on the floor" was mere speculation. She herself admitted she was not sure if H.L.'s shoe got caught on the floor. Additionally, although Dr. Miele testified that the coaches created a dangerous condition by allowing H.L., who was nervous, to attempt to slide, Dr. Miele did not testify that H.L.'s injury—a broken ankle—was a foreseeable cause of H.L. attempting to slide while nervous, apart from her theory that H.L.'s shoe became caught on the gymnasium floor. Likewise, although Dr. Miele criticized the teaching method the coaches employed, she did not give an opinion as to how H.L.'s injury was a foreseeable cause of H.L. attempting the slide in that circumstance, apart, again, from her theory that H.L.'s shoe became caught on the gymnasium floor. Moreover, while Dr. Michael

---

[3] Petitioner filed a motion for partial summary judgment after the close of discovery, arguing that the only issue requiring a trial was the proper amount of H.L.'s damages.

testified that H.L.'s injury was "[c]onsistent with someone catching their foot and it twisting," Dr. Michael did not testify that the injury was inconsistent with the coaches' testimony as to how H.L. injured herself, nor did Dr. Michael testify that H.L.'s injury was consistent with someone having a shoe become caught on a gymnasium floor while sliding. Consequently, none of the testimony in the appendix record creates a material question of fact as to whether H.L.'s injury was foreseeably caused by performing the sliding drill in tennis shoes on the gymnasium floor.

In sum, the undisputed evidence does not create a material question of fact as to whether H.L.'s coaches' conduct—teaching figure-four sliding in a gymnasium while the players, including H.L., wore tennis shoes—was a foreseeable cause of H.L.'s injury. The record, taken as a whole, could not lead a rational trier of fact to find for petitioner because petitioner has failed to make a sufficient showing on an essential element of her negligence claim that she had the burden to prove: causation.[4] Therefore, we conclude that the circuit court committed no error in granting summary judgment in favor of respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn

---

[4] Having determined that petitioner has failed to prove causation, an essential element of her negligence claim, we need not consider whether the coaches breached their duty of care to H.L. Furthermore, in that our decision affirms the circuit court's ruling in favor of respondent, we need not consider respondent's argument that petitioner relieved respondent from liability by signing a pre-injury exculpatory agreement.